**UNITED STATES of America**

v.

**Jack L. SIMMS, Jr.**

**Crim. A. No. 79–20032–07.**

United States District Court,
W. D. Louisiana.

Dec. 4, 1979.

J. Ransdell Keene, U. S. Atty., John P. Lydick, Michael H. Wainwright, Mimi Methvin, Asst. U. S. Attys., Shreveport, La., for United States of America.

Raleigh Newman, Fred Book, Jr., Lake Charles, La., for Jack L. Simms, Jr.

HEEBE, Chief Judge, Eastern District of Louisiana (Sitting by Designation):

This cause was submitted on memorandum without oral argument on the motion of defendant, Jack L. Simms, Jr., to dismiss the superseding indictment returned on November 15, 1979 for non-prosecution in violation of the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.*

The Court, having studied the legal memoranda submitted by the parties, is now fully advised in the premises and ready to rule. Accordingly,

IT IS THE ORDER OF THE COURT that the motion of defendant, Jack L. Simms, Jr., to dismiss for non-prosecution, be, and the same is hereby, DENIED.

### REASONS

The defendant, Jack L. Simms, Jr., was originally indicted in the above-captioned matter on July 20, 1979 and was charged, along with eight co-defendants, with one count of conspiracy to violate 42 U.S.C. § 1973i(c) and fourteen counts of substantive violations of 42 U.S.C. § 1973i(c).[1] On August 30, 1979, by Order of Magistrate Tritico for the Western District of Louisiana, Lake Charles Division, the defendant was severed for trial from the other co-defendants. Thereafter, on September 10, 1979, the Grand Jury returned a fifteen-count superseding indictment charging the defendant with substantially the same offenses as charged in the original indictment. On November 15, 1979, the Grand Jury returned a second superseding indictment against the defendant on the same offenses as previously charged but which reduced the number of substantive violations from fourteen to one and narrowed

the purpose of the conspiracy from those originally defined to that of obtaining votes only for Jack L. Simms, Sr., defendant's father.

Defendant now moves this Court to dismiss the charges pending against him for the alleged failure of the government to prosecute this action within the time limitations imposed by the Speedy Trial Act, 18 U.S.C. § 3161, *et seq.* Defendant contends that on August 3, 1979 motions were filed in this action and taken under consideration by the Court. Defendant notes that this Court did not hear defendant's Motion to Dismiss and Motion to Suppress Evidence until November 12, 1979 and at this moment this matter remains under submission before this Court. Accordingly, defendant argues that 18 U.S.C. § 3161(h)(1)(J) controls in this instance and as this provision only allows a thirty-day exclusion for matters under advisement by the Court, defendant asserts that the time limitations of the Speedy Trial Act have expired and the indictment should be dismissed.

The Speedy Trial Act of 1974 was promulgated to provide for specific time intervals to govern the enforcement of an individual's Sixth Amendment right to a speedy trial. The essential provisions of the Act dictate time limitations which govern the prosecution of criminal defendants in federal court. The Act also provides for certain enumerated periods of delay which are to be excluded in computing a defendant's time to trial. The Act provided for a four-year phase-in process to govern the application of these speedy trial guidelines with final implementation of the Act to occur on July 1, 1979, at which time sanctions for dismissal were to be imposed under local plans adopted by each United States District Court.

In response to proposals submitted by the Department of Justice and the Judicial Conference of the United States, Congress drafted new legislation intending to amend the Speedy Trial Act to increase the effec-

---

1. Specifically, defendant was charged with violations of 18 U.S.C. § 371 (Conspiracy); 42 U.S.C. § 1973i(c) (Vote-Buying); and 18 U.S.C. § 2 (Aiding and Abetting).

tive time limitations required by the Act and to suspend the dismissal sanctions authorized by 18 U.S.C. § 3162 until July 1, 1980. These new amendments were designed to encourage the courts to achieve full compliance with the provisions of the Act and to allow the judiciary the opportunity to work under the Act before implementing District Court plans to govern the application of the Act. These amendments became effective on August 2, 1979 and are contained in the Speedy Trial Act Amendments Act of 1979, Pub.L.No.96–43, § 1, *et seq.* (August 2, 1979).

 Defendant herein was initially charged in an indictment returned on July 20, 1979. Therefore, the time limitations which govern defendant's right to a speedy trial are those specified in the Act effective on July 20, 1979. 18 U.S.C. § 3161(c) provided:

> "The arraignment of a defendant charged in an information or indictment with the commission of an offense shall be held within ten days from the filing date (and making public) of the information or indictment, or from the date a defendant has been ordered held to answer and has appeared before a judicial officer of the court in which such charge is pending whichever date last occurs. Thereafter, *where a plea of not guilty is entered, the trial of the defendant shall commence within sixty days from arraignment on the information or indictment* at such place, within the district, as fixed by the appropriate judicial officer." (Emphasis supplied) [2]

Thus, under the effective provision at the time of the defendant's indictment, defendant was required to be tried within sixty (60) days from his arraignment. Therefore, in the above-captioned matter, defendant's time limitations began to run from July 24, 1979, the date of defendant's arraignment

on the original indictment. Although defendant herein has been reindicted on two subsequent occasions, these superseding indictments charged substantially the same offenses as initially charged, and therefore the defendant must still be tried within the period of time required from the date of the original indictment. See: *United States v. Peters,* 587 F.2d 1267 (D.C.Cir.1978); *United States v. Pereira,* 463 F.Supp. 481 (E.D. N.Y.1978); Rule 5(d)(2), Speedy Trial Act Plan for the Western District of Louisiana (1978).[3]

On August 3, 1979, defendant filed thirteen motions in this matter, including a motion to dismiss and a motion to suppress evidence. The majority of these motions were taken under consideration by the United States Magistrate for the Western District of Louisiana, Lake Charles Division and were ruled upon on August 30, 1979 and September 12, 1979. However, the United States Magistrate could not hear the motions to dismiss or suppress evidence under the guidelines of 28 U.S.C. § 636, pertaining to the qualifications of a United States Magistrate to determine pre-trial motions. Accordingly, these motions were reserved for consideration by the Court. A hearing was set for these motions on November 12, 1979. At that time, both counsel for the government and the defendant agreed to submit the motions to the Court on memoranda without oral argument. These motions remain under advisement as of this date.

As discussed above, certain time is considered excludable in computing an individual's time limitations under the Speedy Trial Act. Under the old Act, 18 U.S.C. § 3161(h)(1)(E) provided an exclusion for the delay accompanying the hearing of any pre-trial motion. Thus, if a three day hearing was held on any pre-trial motion in a

---

2. The 1979 amendments have revised 18 U.S.C. § 3161(c) so that it now provides for one seventy (70) day period to run from the date the information or indictment is first made public or from the first public appearance by the defendant before the Court, whichever date last occurs.

3. Rule 5(d)(2) provides: "If the original indictment or information is pending at the time the subsequent charge is filed, the trial shall commence within the time limit for commencement of trial on the original indictment or information."

pending matter, those three days were excluded from the computation of that defendant's speedy trial time.

The amendments to the Speedy Trial Act have expanded this provision. As of August 2, 1979, 18 U.S.C. § 3161(h)(1)(F) controls to provide for the following exclusion:

"delay resulting from any pretrial motion, *from the filing of the motion through the conclusion of the hearing* on, or other prompt disposition of, such motion." (Emphasis supplied)

The legislative history of the Act indicates that this revision was made "to avoid an unduly restrictive interpretation of the exclusion as extending only to the actual time consumed in a pretrial hearing." H.R.Rep. No.96–390, 96th Cong., 1st Sess. 10 (1979), U.S.Code Cong. & Admin.News 1979, pp. 805, 814. Thus, the clear effect of this provision is to provide that the time which elapses between the filing of a pre-trial motion and the hearing of that motion is excludable time in computing a defendant's time limitations under the Speedy Trial Act.

[2] 18 U.S.C. § 3161(h)(1)(J) provides for the following exclusion:

"delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."

This provision is a restatement of the former 18 U.S.C. § 3161(h)(1)(G) and does not change the rule as originally enacted in the Speedy Trial Act of 1974. This provision is to apply when a matter has officially been taken under advisement by the Court. From that moment, the time which elapses while the matter is under submission before the Court is excludable up to the expiration of thirty days. Should the Court retain the matter under advisement past this thirty day exclusion, defendant's speedy trial time limitations begins to run.

The amendments to the Speedy Trial Act of 1974 to the exclusions section of that Act are essentially a restatement and clarification of what the Congress had originally intended to be the role and purpose of excludable delay in the Act's overall scheme of time accounting for criminal case procedures. As such, it seems clear that the amended exclusions should be applicable to all cases pending as of August 2, 1979 to post-amendment matters which arise in these actions. The Administrative Office of the United States Courts has recommended this application of these amendments [4] and this appears to be the best method of interpretation available consistent with the Congressional intent inherent in the passage of these amendments.

■ Defendant's time as measured under the Speedy Trial Act began to run on July 24, 1979, the date defendant was arraigned on the original indictment. Defendant filed pretrial motions in this action on August 3, 1979, after the effective date of the Speedy Trial Act Amendments Act of 1979. Defendant's motion to dismiss and to suppress evidence were taken under advisement before this Court on November 12, 1979. As of this date, these matters remain before the Court. Under § 3161(h)(1)(F), the period of time from August 3d to November 12th is excludable. Under § 3161(h)(1)(J), the period of time from November 12th to the present is excludable. Therefore, only nine (9) days have expired in defendant's speedy trial time as provided by the Act. Defendant's remaining fifty-one (51) days will begin to run from the date this Court rules upon the motions currently under advisement or from December 12, 1979, whichever date is later. Defendant's reliance in the instant motion upon § 3161(h)(1)(J) is misplaced.

■ The Court notes that at the time the defendant, Jack L. Simms, Jr., was originally indicted, sanctions for the dismissal of an indictment for failure to prosecute within the required period was provided under 18 U.S.C. § 3162 and the local plan for the

4. *See*: Administrative Office of the United States Courts, Speedy Trial Advisory, Issuance No. 29 (August 15, 1979).

Western District of Louisiana. However, the new amendments to the Speedy Trial Act delayed the application of sanctions until July 1, 1980. Clearly, where an action originates after August 2, 1979, the dismissal sanctions are not applicable and an action may not be dismissed for failure to prosecute within the required time. Although dismissal sanctions may properly be applied to those actions which commenced between July 1, 1979 (the effective date of the sanctions) and August 2, 1979, such sanctions could only be utilized where a defendant's speedy trial time had expired during that period and the government had failed to prosecute as mandated under the Act. Thus, as a practical matter, the dismissal sanctions could not extend to dismiss the instant indictment for defendant's speedy trial time had not expired prior to the August 2, 1979 effective date of the new amendments. Thus, as of this date, the Court is without power to impose any sanctions for the non-prosecution of a defendant under the Speedy Trial Act. Accordingly, defendant's motion to dismiss for non-prosecution is DENIED.