UNITED STATES of America

v.

Iris RAMOS, Defendant.

No. 84 Cr. 281 (SWK).

United States District Court,
S.D. New York.

July 6, 1984.

---

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. by David Spears, Sp. Asst. U.S. Atty., New York City, for United States.

Frederick H. Block, New York City, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court upon the motion of defendant, filed contemporaneously with her arraignment on and the assignment of the indictment herein, for dismissal of the indictment for violation of her right to a speedy trial. For the reasons stated below, the motion is denied.

## BACKGROUND

This case followed a somewhat confused path before reaching the criminal docket of this Court. A brief description of that path is necessary for an understanding of the motion currently before the Court.

On April 19, 1983, a complaint was filed charging the defendant and Sinecio Brown-Cabrera with conspiring to violate sections 1001 and 1546 of Title 18, United States Code, by filing false petitions with the Immigration and Naturalization Service ("INS"), in violation of section 371 of Title 18, United States Code. Warrants were issued for the arrest of the defendant and Brown-Cabrera on that day.

Defendant was arrested pursuant to the warrant on April 25, 1983, and was arraigned, along with Brown-Cabrera, later that day before Magistrate Tyler. Defendant and Brown-Cabrera were released after posting bail on the same day.

Following this presentment, information was exchanged between the Government and counsel for the respective defendants. A series of continuances was sought by the Government, and consented to by defendant and Brown-Cabrera, to facilitate plea discussions and to move toward the ultimate disposition of the case. The continuances excluded the period of time from May 25, 1983, through September 28, 1983, from any speedy trial calculations pursuant to 18 U.S.C. § 3161(h)(8)(A).

On September 28, 1983, apparently pursuant to plea negotiations, defendant was named in a one-count information, 83 Cr. 605, charging her with the misdemeanor offense of conspiring to violate section 1325 of Title 8, United States Code, in order to cause the illegal entry of aliens into the country, in violation of section 371 of Title 18, United States Code. Brown-Cabrera, on the other hand, was indicted for the felony offense and his case was assigned to another district judge, 83 Cr. 461.

On October 7, 1983, defendant waived her right to a trial before a district judge and attempted to enter a plea of guilty to the information before Magistrate Bernikow. Apparently defendant failed to allocute adequately to the crime charged, however, and her plea was not accepted.

One week later, on October 14, 1983, defendant again attempted to plead guilty to the information. This time Magistrate Washington was unable to accept the plea.

On October 21, 1983, defendant again waived her right to trial before a district judge, and, before Magistrate Buchwald, entered a plea of guilty to the information. Magistrate Buchwald then set a sentencing date of December 2, 1983.

On December 2, 1983, Magistrate Buchwald approved a substitution of counsel for defendant and adjourned the sentencing on defendant's plea.

On March 2, 1984, after two additional adjournments of the sentencing on defendant's plea, Ramos applied for permission to withdraw her plea. Defendant had been advised by counsel of the possibility that she would be prosecuted on felony charges, but she chose to withdraw her plea anyway. Magistrate Buchwald eschewed finding any substance to defendant's claim that she was coerced by her former attorney to enter the guilty plea, but granted her application to withdraw the plea as a matter of discretion. Magistrate Buchwald further found, just in case it was necessary,* that all the time between the filing of the information and the withdrawal of her guilty plea was excludable for speedy trial calculations, since the information was filed in contemplation of a plea. Defendant consented to that finding.

On March 29, 1984, the Government wrote to Magistrate Gershon, to whom the information had been assigned following defendant's withdrawn plea. In that letter the Government noted its intention "to seek a *superceding* [sic] indictment of defendant Ramos charging her with the com-

mission of one or more felonies" (emphasis added). The Government continued,

> *[t]his* case will then be assigned to a District Judge. Accordingly, there is no need to set a trial date for the present misdemeanor charge.

> It will be this office's position upon issuance of any *superceding* [sic] indictment that the time allowed under the Speedy Trial Act will begin to run from the date any indictment is issued

(emphasis added). The Government asserts that after the guilty plea was withdrawn, an investigation into defendant's participation in the conduct underlying the complaint and information described above was conducted. "In the course of this investigation, the Government learned that defendant had been involved in more serious crimes than was originally believed." Affidavit of David Spears, dated May 29, 1984, ¶ 4.

On May 9, 1984, the indictment at issue here, 84 Cr. 281, was filed. Therein the Grand Jury charged defendant with two felony counts: (1) conspiracy to violate sections 1001 and 1546 of Title 18, United States Code, in violation of section 371, Title 18, United States Code; and (2) violation of sections 1001 and 2 of Title 18, United States Code. On the cover sheet attached to copies of the indictment the spaces provided for indicating that the indictment is related to a pending case—including the space for indicating a superseding indictment—were left blank. Likewise, on the form entitled "Defendant Information Relative to a Criminal Action—in U.S. District Court" the space provided to indicate that "this prosecution relates to a pending case involving this same defendant" was left blank. The date of arrest, however, was noted as April 25, 1983.

On May 17, 1984, defendant appeared for arraignment and entered a plea of not guilty to the charges contained in the indictment. The case was then assigned to

---

\* As discussed below, the finding was not necessary since speedy trial calculations commence

anew with the withdrawal of a guilty plea.

me for all purposes. On the same day, defendant filed the within motion to dismiss the indictment, filed eight days earlier, for failure to comply with the speedy trial strictures of this Court.

## DISCUSSION

Defendant contends that the speedy trial clock for this indictment began to run on March 2, 1984, with the withdrawal of the guilty plea to the information. Defendant argues further that, as of May 17, 1984, more than seventy days had passed without the commencement of trial on the indictment and, therefore, that the indictment should be dismissed.

The Government, on the other hand, contends that the speedy trial clock with respect to the indictment did not begin to run until May 17, 1984, with the arraignment of defendant on the charges contained therein.

■ It is beyond peradventure that, with respect to the information, the time limits began to run on March 2, 1984. Section 3161(i) provides that when, as here, a defendant withdraws a plea of guilty "to any or all charges in an indictment or information, the defendant shall be deemed indicted with respect to all charges therein contained ... on the day the order permitting withdrawal of the plea becomes final." 18 U.S.C. § 3161(i); *see also* "Statement of Time Limits and Procedures for Achieving Prompt Disposition of Criminal Cases for the Southern District of New York" (hereinafter "Southern District Plan"), ¶ 4(c); "Guidelines Under the Speedy Trial Act" for the Court of Appeals for the Second Circuit (hereinafter "Second Circuit Guidelines"), ¶ I(G), pp. 14–15.

■ Defendant urges the Court to find that the indictment is a superseding charge replacing an information that is now (and, more importantly, was at the filing of the indictment) still pending, thus incorporating the time attributable to that pending charge. Section 3161 does not have a provision directly applicable to the situation argued to be present here—to wit, a su-

perseding charge replacing a still pending charge. The Court finds guidance in the Southern District Plan and the Second Circuit Guidelines in assessing defendant's argument. Paragraph 4(d) of the Southern District Plan provides, in relevant part, as follows:

> *Superseding Charges.* If, after a[n] ... information has been filed, a[n] ... indictment ... is filed which charges the defendant *with the same offense or with an offense required to be joined with that offense,* the time limit applicable to the subsequent charge will be determined as follows:
>
>  \*    \*    \*    \*    \*    \*
>
> (2) If the original ... information was pending at the time the subsequent charge is filed, the trial shall commence within the time limit for commencement of trial on the original indictment

(emphasis added).

Paragraph II(L) of the Second Circuit Guidelines, entitled "Subsequent Charges," provides in relevant part, as follows:

> (1) If, after an ... information has been filed, a[n] ... indictment ... ("subsequent charge") is filed which includes *the same offense or any offense required to be joined with that offense* ("originally charged offenses"), the time limits ... applicable to the originally charged offenses will be determined as follows:
>
>  \*    \*    \*    \*    \*    \*
>
> (c) If the original ... information is pending at the time the subsequent charge is filed, (at that time) the statutory period for the trial of the original indictment or information ceases to run until the arraignment on the subsequent charge is held.... The trial of the originally charged offenses included in the subsequent charge shall commence within the time limit for commencement of trial on the original ... information

(emphasis added).

As the underscored language indicates, a prerequisite to the applicability of these provisions is that the subsequent filing contain "the same offense or any offense re-

quired to be joined with" the offense charged in the original filing. If the subsequent filing does not meet that prerequisite, then the subsequent filing commences its own speedy trial period. *See United States v. DeTienne*, 468 F.2d 151 (7th Cir. 1972), *cert. denied*, 410 U.S. 911, 93 S.Ct. 977, 35 L.Ed.2d 275 (1973) (period for indictment on attempted bank robbery charges not commenced by arrest for unlawful flight); *United States v. Kripplebauer*, 463 F.Supp. 291 (E.D.Pa.1978) (period for indictment for failure to appear and surrender for serving sentence not commenced by arrest for violation of post-conviction bail conditions); *United States v. Panetta*, 436 F.Supp. 114 (E.D.Pa.1977) (period for indictment charging conspiracy not commenced by arrest, and prosecution, for perjury, even where perjured testimony concerned subsequently charged conspiracy). As the court stated in *DeTienne*, "[i]t would be absurd in the extreme if an arrest on one charge triggered the ... speedy trial protection as to prosecutions for any other chargeable offenses." 468 F.2d at 155.

On the other hand, if the subsequent filing does charge the same offense or one required to be joined therewith, as defined in these provisions, then the speedy trial period commenced with the original filing. *See United States v. Simms*, 508 F.Supp. 1175 (W.D.La.1979) (time for superseding indictment on "substantially the same offenses" and second superseding indictment on "the same offenses" commenced with original indictment); *United States v. Pereira*, 463 F.Supp. 481 (E.D.N.Y.1978) (information charging misdemeanor commenced time for subsequent indictment charging same misdemeanor count along with one felony count); *cf., United States v. Peters*, 434 F.Supp. 357 (D.D.C.1977) (dismissing two counts of nine count indictment because they were subject of arrest effected too long before filing of indictment), *aff'd*, 587 F.2d 1267 (D.C.Cir.1978).

The parameters defining "same offense or [one] required to be joined with that offense" are not clear. The Court has been unable to find a single case construing those terms, and counsel certainly have not cited the Court to any. In *Pereira, supra*, no construction was necessary because the indictment included the same exact charge—factually and as to the statute allegedly violated—as the earlier information.

In *Peters*, the court seemed to indicate that the "same criminal episode" language of 18 U.S.C. § 3161(d) is the equivalent of the terms applicable here. 587 F.2d at 1275. The analysis there appeared to follow the "same transaction" test espoused by Justice Brennan concurring in *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). That is, that a temporal, spatial analysis of the alleged crimes is required: if there is a confluence of time and place for the offenses, then they are part of the same offense or episode and should be prosecuted together.

The language "required to be joined" would, however, appear to be narrower than "same criminal episode." In that vein, the Government argues that the requirements of the double jeopardy clause should govern here. *See also* Second Circuit Guidelines, ¶ II(L). Those requirements, as discussed in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), define separate offenses, prosecutable separately, as ones that each require proof of facts not required for the other. The Government argues that, under this "same evidence" test, the three offenses involved here are separate offenses not required to be joined together. The misdemeanor conspiracy charged in the information requires proof of an agreement to obtain the actual entry of an alien into the United States by means of a false representation or concealment. The felony conspiracy charged in the indictment requires proof of an agreement to make a specific false statement either to a specific Government agency or in a document specifically required by the immigration laws. The substantive felony charged in the indictment requires proof of an actual fraudulent statement.

A third approach, perhaps more pragmatic, if less defined, was delineated in *DeTienne*, which was decided before this language was enacted. In *DeTienne*, the court said as follows:

> Of course, if the crimes for which a defendant is ultimately prosecuted really *only gild* the charge underlying his initial arrest and the different accusatorial dates between them are not reasonably explicable, the initial, arrest may well mark the speedy trial provisions applicability as to prosecution for all the interrelated offenses.

468 F.2d at 155 (emphasis added). There is unfortunately no clear definition of when a subsequent charge merely gilds the original filing.

In sum, a determination of whether the speedy trial calculations commenced on March 2 or on May 17 requires a construction of the terms "same offense or [one] required to be joined with that offense" and the thorny determination of whether these offenses fit that construction. Whatever the applicable construction, the facts of this case are particularly problematic. First, the Court notes that, although the information *may* indeed have charged a different offense—a different conspiracy—from that charged in the indictment, the information represented a negotiated change from the charge contained in the original complaint. That charge *was* the same as the conspiracy alleged in the indictment. Second, although the Government has maintained throughout that the speedy trial calculations would, and did, commence to run with arraignment on the felony indictment, the Government has otherwise from time to time treated the indictment inconsistently. For example, the March 29 letter to Magistrate Gershon augurs a superseding indictment. When the indictment was filed, however, it was nowhere denoted a superseder. The date of arrest for the indictment was nonetheless listed as April 25, 1983—the date of arrest on the complaint which led to the information as well. Moreover, the March 29 letter indicates that, upon the filing of a superseder, *"this"* case (the one before the Mag-

istrate) would be assigned to a district judge. Nevertheless, the indictment undoubtedly does contain at least one new charge—the substantive count.

■ Fortunately, I do not find it necessary to resolve these difficult issues because even assuming that defendant is correct and that the speedy trial calculations began to run on March 2 because the subsequent indictment charged the same offense as the original information, the seventy day period within which trial must commence has not run. The indictment was filed on May 9, 1984. Sixty-eight days of time had then elapsed. Pursuant to the Second Circuit Guidelines, the period between the filing of the superseding indictment and the arraignment thereon are not included in the calculation. *See* Second Circuit Guidelines, ¶ II(L)(1)(cc), pp. 27–28.

■ On May 17, 1984, defendant was arraigned on the superseding indictment. On the same day, defendant filed the within motion to dismiss. The period from the filing of the motion through today is excluded from the speedy trial calculation. *See* 18 U.S.C. § 3161(h)(1)(F) and (J). Hence, the seventy day period has not yet elapsed (there are two days remaining).

Moreover, it cannot seriously be gainsaid that the indictment added at least one new charge. The substantive felony count is not an "offense required to be joined" with the original conspiracy count; therefore, the speedy trial calculations with respect to that count are not affected by the original indictment. *See* Second Circuit Guidelines, ¶ II(L) comment, p. 30; *but see Pereira*, 463 F.Supp. 481 (E.D.N.Y.1978) (trial on superseder must commence within time for original indictment).

In sum, assuming without deciding that Count One is affected by the original indictment, there remain two days of non-excluded time within which to try that Count and seventy days within which to try Count Two. It is obviously in the interests of justice and of everyone involved in this action that both counts be tried together. Those interests outweigh the interest of

the public and the defendant in a speedy trial. Therefore, I find that the time between now and the trial herein, currently set for August 1, 1984, is excludable from speedy trial calculations for Count One, pursuant to 18 U.S.C. § 3161(h)(8)(A). *See* Second Circuit Guidelines, ¶ II(L) comment, pp. 29–31.

Defendant's motion to dismiss on speedy trial grounds is hereby DENIED. Trial on the full indictment shall commence on August 1, 1984.

SO ORDERED.