UNITED STATES of America,

v.

Martin ROMAN, Defendant.

No. S 86 Cr. 388 (PKL).

United States District Court,
S.D. New York.

Nov. 13, 1986.

Rudolph W. Giuliani, U.S. Atty., S.D.N.Y. (Charles G. Labella, Asst. U.S. Atty., New York City, of counsel), for U.S.

Bobick, Joelson & Rochkind, New York City (Kenneth Joelson, of counsel), for defendant Roman.

LEISURE, District Judge:

Indictment 86 Cr. 388, filed May 6, 1986, charged defendant Martin Roman, among others, with conspiracy to violate the narcotics laws as well as possession with intent to distribute heroin. Defendant was arraigned on May 15, 1986. On September 5, 1986, Superseding Indictment S 86 Cr. 388 was filed, restating the charges of the original indictment against Roman and charging him for the first time with managing a Continuing Criminal Enterprise ("CCE") to distribute heroin in violation of 21 U.S.C. § 848.[1] The CCE charge, Count Two of the superseding indictment, incorporates as predicate acts the conspiracy and distribution charges. Defendant moves to dismiss Count Two on the ground that 70 days have passed without the commencement of trial. 18 U.S.C. § 3161(c)(1).

### Speedy Trial Act

Defendant asserts that he was entitled to be tried on the CCE charge within 70 days following arraignment on the original indictment.[2] The Government, on the other hand, contends that the speedy trial clock with respect to the CCE count did not begin to run until the filing of the superseding indictment. In *United States v. Ramos*, 588 F.Supp. 1223 (S.D.N.Y.1984), *aff'd*, 779 F.2d 37 (2d Cir.1985) the Court addressed this issue without deciding it. Following local guidelines, the Court stated that the key issue is whether the subsequent filing contains " 'the same offense or any offense required to be joined with' the offense charged in the original filing." *Id.*

---

1. With the exception of the CCE charge, the superseding indictment against Roman is basically unchanged from the original indictment although four of the distribution counts have been upgraded into "school counts" (and two others have been omitted), 21 U.S.C. § 845a, and a forfeiture count has been included, 21 U.S.C. § 853(a). At oral argument, the Government admitted that it would have been possible to bring the CCE charge at the same time as the original charges, since the original and superseding indictments involve the same conduct and evidence.

 Defendant argues that the CCE count should be dismissed on the ground that, as a matter of law, the evidence will not prove that Roman received "substantial income or resources" as a result of the conduct of a criminal enterprise. 21 U.S.C. § 848(b)(2)(B). Defendant argues that his receipt of approximately $25,000 falls below the intended Congressional standards. Defendant's Memorandum of Law at 8–11. It is unnecessary to address this issue in view of the following conclusions.

2. In his Memorandum of Law in Support of his Motion to Dismiss Count Two, defendant also argues that Count Two should be dismissed because the superseding indictment came more than 30 days after his arrest. In his Reply Memorandum of Law, however, defendant conceded that *United States v. Napolitano*, 761 F.2d 135, 137–38 (2d Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985), is controlling on this issue. *Napolitano* held that the 30–day rule requires dismissal only of the charges in the original complaint, even if additional charges not contained in the complaint arise out of the same criminal episode charged in the complaint. *Id.* An exception under *Napolitano*, which is not applicable here, may occur when the subsequent charge merely "gilds" the original one. *Id.* at 138.

at 1226–27. *See* "Guidelines Under the Speedy Trial Act" for the Court of Appeals for the Second Circuit (the "Guidelines"), ¶ II(L)(1)(c); "Plan for Prompt Disposition of Criminal Cases" for the Southern District of New York (the "Plan"), ¶ 4(d)(2). "[I]f the subsequent filing does charge the same offense or one required to be joined therewith ... then the speedy trial period commenced with the original filing." *Id.* at 1227.[3]

■ In *Ramos*, the Government argued that the requirements of the Double Jeopardy Clause of the Fifth Amendment determine whether the subsequent filing charges the same offense or an offense required to have been joined with the charges of the original indictment.[4] 588 F.Supp. at 1227. In this case, defendant admits that double jeopardy standards govern. Reply Memorandum at 2. As the *Ramos* court noted, the Second Circuit has yet to construe the term "same offense or

[one] required to be joined with that offense." 588 F.Supp. at 1227. The same language, however, appears in the section of the Speedy Trial Act providing for circumstances involving a subsequent indictment. § 3161(h)(6).[5] The Speedy Trial Act does not define the term, but the legislative history makes clear that it refers to joinder required by "the constitutional doctrine of double jeopardy." S.Rep. No. 96–212, 96th Cong., 1st Sess. 10 (1979) ("[J]ust as the defendant should not profit from delay he can create for his own tactical advantage, neither should the Government."). *Accord United States v. Novak*, 715 F.2d 810, 817 (3d Cir.1983), *cert. denied*, 465 U.S. 1030, 104 S.Ct. 1293, 79 L.Ed.2d 694 (1984). Thus, the question is whether, within the meaning of the Double Jeopardy Clause, the charge contained in the superseding indictment is the same as, or required to be joined with, charges contained in the original indictment. 715 F.2d at 817.[6] *See also*

---

**3.** Both parties in this case agree that portions of the Guidelines are relevant, and that the issue is whether the CCE count contained in the superseding indictment is properly classified as *the same offense or an offense required to be joined with* the charges in the original indictment. *See* Government's Memorandum of Law at 5; Defendant's Memorandum of Law at 6. The Government has cited a portion of the commentary to the Guidelines which it asserts is controlling. Government's Memorandum of Law at 5. The Guidelines do not have the force of law, but are entitled to appropriate respect. *United States v. Todisco*, 667 F.2d 255, 260 (2d Cir.1981), *cert. denied*, 455 U.S. 906, 102 S.Ct. 1251, 71 L.Ed.2d 444 (1982). Unfortunately, while the text of the Guidelines refers to "the same offense or any offense required to be joined with that offense" as "originally charged offenses," Guidelines at ¶ II(L)(1), the commentary speaks of "original charges" and "new charges." Guidelines at 29–31. Thus, it is not clear for the purposes of the commentary whether all additional charges should be considered "new charges," or whether only those not required to be joined in the original indictment are "new charges." Moreover, the plain meaning of the text of both the Guidelines and the Plan opposes the Government's interpretation of the commentary to the Guidelines. *Cf. United States v. Rojas-Contreras*, —— U.S. ——, 106 S.Ct. 555, 559· n. 1, 88 L.Ed.2d 537 (1985) (Blackmun, J., concurring in judgment) ("It is not obvious under the Guidelines whether a modified charge ... would be treated the same as the original charge...."). Therefore, the

commentary to the Guidelines is not dispositive of this case.

**4.** In its papers, the Government did not address the question of the applicability of double jeopardy standards. The Government argued that the CCE count is a new charge because: (i) under the CCE count the Government must prove other elements in addition to those required to prove the charges contained in the original indictment; and (ii) the maximum penalties for the charges in the original indictment differ substantially from those resulting from a CCE conviction. Government's Memorandum of Law at 5–6. At oral argument, the Government conceded that double jeopardy principles are relevant.

**5.** "The term 'superseding indictment' refers to a second indictment issued in the absence of a dismissal of the first." *United States v. Rojas-Contreras*, —— U.S. ——, 106 S.Ct. 555, 559, 88 L.Ed.2d 537 (1985) (Blackmun, J., concurring in judgment). Section 3161 does not have a provision directly applicable to superseding indictments. *Id.; Ramos*, 588 F.Supp. at 1226.

**6.** Several other courts have recognized that under certain circumstances the trial date for additional charges in a superseding indictment may be measured according to the date of the original indictment; these courts, however, have applied tests other than those suggested by double jeopardy principles. *See, e.g., United States v. DeTienne*, 468 F.2d 151, 155 (7th Cir.1972), *cert.*

*United States v. Simms*, 508 F.Supp. 1175, 1177 (W.D.La.1979) (Superseding indictment charged substantially the same offenses, and therefore defendant must still be tried within the period of time required from the date of the original indictment.); *United States v. Bergdoll*, 412 F.Supp. 1308, 1320 (D.Del.1976) (Additional charge of CCE in the superseding indictment does not alter speedy trial rights of defendant; "[o]therwise, the government, by manipulating the grand jury process, could defeat defendants' speedy trial rights by the mere charade of new indictments.").[7]

 The Double Jeopardy Clause offers a defendant two basic protections: It protects against multiple prosecutions for the same offense after acquittal or conviction, and it protects against cumulative punishment for the same offense. *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984) (citations omitted). In this case, defendant contends that the CCE charge should be considered the same offense as, or required to be joined with, both the distribution and conspiracy counts of the original indictment. *See* Defendant's Memorandum of Law at 5. Thus, in resolving the speedy trial issue here according to double jeopardy principles, there are four distinct questions.

Is the CCE charge considered the same as, or required to be joined with, the original indictment's charge of:

(1) *distribution*, under the protection against

 (a) multiple prosecutions? or

 (b) cumulative punishment?

(2) *conspiracy*, under the protection against

 (a) multiple prosecutions? or

 (b) cumulative punishment?

(1)(a) Regarding the double jeopardy protection against multiple prosecutions, the critical inquiry is whether the CCE offense is considered the "same offense" as one or more of its predicate offenses. *Garrett v. United States*, 471 U.S. 773, 105 S.Ct. 2407, 2415, 85 L.Ed.2d 764 (1985); *cf. United States v. Persico*, 620 F.Supp. 836, 844 (S.D.N.Y.), *aff'd*, 774 F.2d 30 (2d Cir.1985). Roman argues that both the distribution and conspiracy predicate charges are lesser included offenses under the CCE count, and that the Government would thus be prohibited from trying defendant for the greater offense after convicting him of the lesser one. *Brown v. Ohio*, 432 U.S. 161, 168–69, 97 S.Ct. 2221, 2226–27, 53 L.Ed.2d 187 (1977). In *Garrett*, 105 S.Ct. at 2415–19, however, the Supreme Court clearly rejected precisely this argument with re-

denied, 410 U.S. 911, 93 S.Ct. 974, 35 L.Ed.2d 274 (1973). ("[I]f the crimes for which a defendant is ultimately prosecuted really only gild the charge underlying his initial arrest ... [then] the initial arrest may well mark the speedy trial provision's applicability as to prosecution for all the interrelated offenses."). *DeTienne*, however, was decided before the "required to be joined with" language was enacted. *Ramos*, 588 F.Supp. at 1228. *See also United States v. Andrews*, 790 F.2d 803, 809 (10th Cir. 1986); *United States v. Nixon*, 634 F.2d 306, 309 (5th Cir.), *cert. denied*, 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981); *United States v. Peters*, 587 F.2d 1267, 1275 (D.C.Cir.1978). In view of the legislative history discussed above and of the inherent uncertainty of these alternative tests, reference to double jeopardy standards is appropriate.

The one Court that has reached a directly contrary conclusion on this issue clearly overlooked the legislative history discussed above. *United States v. Hencye*, 505 F.Supp. 968, 971 (N.D.Fla.1981).

**7.** *Cf. United States v. Jorn*, 400 U.S. 470, 486, 91 S.Ct. 547, 557, 27 L.Ed.2d 543 (1971) (Harlan, J.) (Delay of trial implicates policies underpinning both the double jeopardy provision and the speedy trial guarantee.); *United States v. Ottley*, 439 F.Supp. 587, 591 (S.D.N.Y.1977) (acknowledging relationship between double jeopardy provision and speedy trial protections as restraints on prosecutorial discretion).

In stating that it would be "absurd" to start the speedy trial clock on a charge *required* to be joined in the original indictment before such charge was in fact "returned by the grand jury," Government's Memorandum at 4, the Government ignores the prosecutor's relationship to the grand jury. "The contemporary grand jury investigates only those whom the prosecutor asks to be investigated, and by and large indicts those whom the prosecutor wants to be indicted." M. Frankel & G. Naftalis, *The Grand Jury: An Institution on Trial* 100 (1977).

spect to substantive offenses such as possession with intent to distribute, 21 U.S.C. § 841(a)(1). The Court stated that Congress' intent to create the CCE as a separate offense "could hardly be clearer." *Id.* at 2413. Moreover, the Court stated that it would be "illogical" to construe the statute to require the Government to choose between prosecuting the predicate offenses and the CCE violation. *Id.* at 2415. "Quite obviously the CCE offense is not, in any commonsense or literal meaning of the term, the 'same' offense as one of the predicate offenses." *Id.*

(1)(b) *Garrett* also resolves the second issue. The Court stated that "logic supports the conclusion, also indicated by legislative history, that Congress intended separate punishments for the underlying substantive predicates and for the CCE offense." *Id.* at 2420. *Accord United States v. Mourad,* 729 F.2d 195, 203 (2d Cir.), *cert. denied,* 469 U.S. 855, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984).

(2)(a) The third issue concerns the relationship between the conspiracy charge, 21 U.S.C. § 846, and the CCE count for the purpose of the double jeopardy protection against multiple prosecutions. It was unnecessary for the Court in *Garrett* to decide this issue, as the defendant there challenged only the use as a predicate offense of his prior conviction for marijuana importation and his consecutive sentences for that substantive offense and the CCE charge. 105 S.Ct. at 2411. An earlier plurality opinion also failed to reach this issue. *Jeffers v. United States,* 432 U.S. 137, 155, 157, 97 S.Ct. 2207, 2218, 2219, 53 L.Ed.2d 168 (1977).

One Circuit Court of Appeals, however, has interpreted the *Garrett* opinion as extending to cases involving conspiracy as a predicate offense. *United States v. Grayson,* 795 F.2d 278, 285 (3d Cir.1986) (Rationale and conclusions of *Garrett* are equally applicable to predicate conspiracy offense.) Other circuits have rejected this interpreta-

tion of *Garrett,* however. *United States v. Burt,* 765 F.2d 1364, 1368–69 (9th Cir.1985) (distinguishing between predicate substantive offenses and conspiracy); *United States v. Erwin,* 793 F.2d 656, 669 & n. 20 (5th Cir.1986) (same); *United States v. Boldin,* 772 F.2d 719, 730–31 (11th Cir.1985), *modified on other grounds,* 779 F.2d 618 (11th Cir.), *cert. denied,* —— U.S. ——, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986) (same); *United States v. Schuster,* 769 F.2d 337, 341, 344 (6th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986) (same). The Court of Appeals for the Second Circuit has yet to apply *Garrett* in the CCE context, *cf. United States v. Persico,* 774 F.2d 30, 32 (2d Cir.1985), but its prior decisions indicate that it would reject the Third Circuit's expansive view of *Garrett.*

Prior to *Garrett,* the Second Circuit clearly distinguished between conspiracy and substantive predicates for a CCE charge. *Mourad,* 729 F.2d at 202–03. Moreover, it has repeatedly been held in the Second Circuit that conspiracy is a lesser included offense under a CCE charge. *United States v. Young,* 745 F.2d 733, 749–50 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1842, 85 L.Ed.2d 142 (1985) (Conspiracy is a lesser included offense of CCE "in the purest form."). *See also United States v. Sperling,* 560 F.2d 1050, 1055 (2d Cir.1977) (These two offenses are "the same in law and in fact."); *United States v. Estrada,* 751 F.2d 128, 133–35 (2d Cir.1984), *cert. denied,* —— U.S. ——, 106 S.Ct. 97, 88 L.Ed.2d 79 (1985); *United States v. Martinez-Torres,* 556 F.Supp. 1255, 1260–65 (S.D.N.Y.1983). In the absence of clear language to the contrary, this Court must follow *Young,* which reaffirmed *Sperling.* 745 F.2d at 750.[8] Thus, for the purpose of the double jeopardy protection against multiple prosecutions, the CCE charge must be considered the same as the conspiracy charge.

---

**8.** In a letter dated November 12, 1986, the Government conceded that "the conspiracy count charged in the Indictment is a lesser in-

cluded offense within the charge of managing a continuing criminal enterprise ('CCE')."

(2)(b) *Garrett* approved the plurality view in *Jeffers* that Congress did not intend to impose cumulative penalties under §§ 846 and 848. 105 S.Ct. at 2420; 432 U.S. at 157, 97 S.Ct. at 2219. In addition, the Second Circuit had clearly reached this result prior to *Garrett. See Mourad*, 729 F.2d at 202.

In view of the foregoing conclusions regarding double jeopardy principles, the CCE charge contained in the superseding indictment must be considered the same as, or required to be joined with, the conspiracy charge contained in the original indictment. The 70–day speedy trial limit thus commenced with the date of arraignment on the original indictment.[9]

9. The Government has argued principally that the 70–day period for commencement of trial on the CCE charge began at the time of the filing of the superseding indictment. Government's Memorandum of Law at 4–5. This position resulted from the conclusion that the CCE count was "a new charge and not an offense required to be joined with the charges contained in the original indictment." *Id.* at 5.

The Government, however, has also argued—assuming the 70–day period as to the CCE charge began at the time of arraignment on the original indictment because the CCE offense was required to be joined with the original charges—that the 70–day period for the CCE count still has not elapsed. *Id.* at 6. This conclusion rests on the premise that exclusions of time under § 3161(h) which had been applied to the charges actually appearing in the original indictment should also toll the 70–day period as to the CCE charge, which was required to be joined in the original indictment, but appeared for the first time in the superseding indictment.

Defendant argues that the 70–day period for commencement of trial began with arraignment on the original indictment, and that the 70 days following the arraignment should be counted without regard to exclusions of time which were applied to the charges of the original indictment before the superseding indictment was filed. Reply Memorandum at 3–4.

In support of its retroactive tolling argument, the Government has relied on *Ramos*, 588 F.Supp. at 1228. This reliance, however, is misplaced. In calculating the time which had expired, from March 2 to May 9, 1984, prior to the filing of the superseding indictment, the Court simply counted each day without regard to any exclusions of time. *Id.* The only exclusions of time which the Court considered were applied after the filing of the superseding indictment. *Id.* In this case, nearly four months passed from the arraignment on the original indictment on May 15 to the filing of the superseding indictment on September 5, 1986.

The Government has also relied on provisions of the Guidelines, at ¶ II(L)(1)(c), and the Plan, at ¶ 4(d)(2) (The trial "shall commence within the time limit for commencement of trial on" the original indictment.) While these provisions can be construed as *implying* that retroactive tolling occurs, they do not explicitly address the issue. Particularly as to waivers by the defendant under § 3161(h)(8), which are among the exclusions that were applied to the original indictment, the treatment proposed by the Government would be patently unfair. Defendant has asserted, "[H]ad this CCE count existed from the beginning defendant's entire posture toward insisting on an immediate trial would have changed." Reply Memorandum of Law at 4. It is possible, for example, that defendant would have moved for severance under § 3161(h)(7). Defendant has also maintained that the presentation of his case would have been enhanced by a more expeditious trial on the CCE charge. In any event, the Government's position entails "an exercise in speculation that this court should not have to engage in." *Id.; Cf. United States v. Tunnessen*, 763 F.2d 74, 78 (2d Cir.1985) (citing dangers of retroactive application of exclusion of time under § 3161(h)(8)). Moreover, the Government should not now benefit from exclusions of time that were applied to the original charges while the Government stood by without action regarding a CCE offense. *Cf. United States v. Nixon*, 779 F.2d 126, 131 (2d Cir.1985) (It would be "unfair" for defendant "to benefit retroactively" from silence regarding change of position); *United States v. Bufalino*, 683 F.2d 639, 646 (2d Cir.1982), *cert. denied*, 459 U.S. 1104, 103 S.Ct. 727, 74 L.Ed.2d 952 (1983) (Defendant "had a duty to do more than stand by without taking a position and then reap the benefit of inaction...."). Acceptance of the Government's premise would substantially vitiate the prosecutor's incentive to bring in the original indictment all offenses required to be joined therewith. In view of these considerations, the Government's interpretation of the Guidelines and the Plan is not persuasive. *See also supra* note 3; *cf. Avis Rent A Car System, Inc. v. Hertz Corp.*, 782 F.2d 381, 385 (2d Cir.1986) ("Fundamental to any task of interpretation is the principle that text must yield to context.") (Friendly, J.).

Defendant concedes that the 70–day period has not run out with respect to charges actually contained in the original indictment. Defendant's Reply Memorandum of Law at 3.

Accordingly, the motion to dismiss with prejudice [10] Count Two of the superseding indictment is granted.

SO ORDERED.

10. Considering the seriousness of the offense, the facts and circumstances of the case leading to dismissal, and the impact of a reprosecution, dismissal with prejudice is appropriate. § 3162(a)(2). Prejudice to the defendant occa-sioned by delay is a relevant factor under § 3162(a)(2). *United States v. Simmons,* 786 F.2d 479, 486 (2d Cir.1986); *United States v. Caparella,* 716 F.2d 976, 980 (2d Cir.1983).