**UNITED STATES of America, Appellee,**

v.

**Peter NAPOLITANO, Defendant-Appellant.**

**No. 1032, Docket 84–1447.**

United States Court of Appeals, Second Circuit.

Argued April 12, 1985.

Decided May 3, 1985.

John H. Jacobs, P.C., New York City (with Jill Harris, New York University School of Law, on the brief), for defendant-appellant.

Patty Merkamp Stemler, Asst. U.S. Atty., New York City (Raymond J. Dearie, U.S. Atty. for the E.D. of N.Y., Brooklyn, N.Y.; Samuel Rosenthal, Chief, Appellate Section, Criminal Div., Dept. of Justice, Washington, D.C.; Jerry D. Bernstein, Sp. Atty., Organized Crime Branch, Dept. of Justice, Brooklyn, N.Y., of counsel), for appellee.

Before VAN GRAAFEILAND and CARDAMONE, Circuit Judges, and POLLACK, Senior District Judge.*

MILTON POLLACK, Senior District Judge:

Defendant, Peter Napolitano, was arrested on September 30, 1982; the next day the government filed a complaint charging defendant with applying for a bank account at a Citibank branch in Hicksville, Long Island, under a false name ("Louis Ferolito"), address, and bank reference, in violation of 18 U.S.C. § 1014. The complaint also charged that defendant, on September 29, 1982, had deposited four checks into the account without authority, and had withdrawn $58,000 from it using a false name. The checks which defendant deposited had been stolen. Defendant was arrested at the bank while attempting to make another, larger, withdrawal from the account. As of October 30, 1982, the date by which an indictment was required to be filed under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.* (the "Act"), no action had been taken by the government.

On May 24, 1984 approximately 20 months after defendant's arrest, an indictment was returned charging defendant with one count each of bank larceny in

---

* Honorable Milton Pollack, United States District Judge for the Southern District of New York, sitting by designation.

violation of 18 U.S.C. § 2113(b) and conspiracy to commit the same in violation of 18 U.S.C. § 371. The indictment, however, did not charge defendant with the offense for which he had been initially arrested. Defendant was arraigned on June 1, 1984.

On June 20, 1984, approximately one month after the indictment, it was discovered that the original complaint against defendant had never been dismissed. The government thereupon dismissed it.

On July 26, 1984, defendant moved to dismiss the indictment, with prejudice, on the ground that the 20 month delay between the date of his arrest and the return of the indictment violated his rights under the Speedy Trial Act. The District Court (Judge Mishler) denied defendant's motion, finding that the charges contained in the indictment were not included in the initial complaint filed against the defendant and holding that "when an indictment is not filed within 30 days of arrest, only the offense or offenses charged in the original complaint must be dismissed" and "[t]herefore, the Act's dismissal sanction is not applicable to these charges."

On October 19, 1984, defendant pleaded guilty to the bank larceny charge, and, on December 7, 1984, he was sentenced to five years imprisonment and a $5000.00 fine. At the time he entered his plea, Napolitano reserved his right to bring this appeal, pursuant to Rule 11(a)(2), Fed.R.Crim.P., challenging the District Court's denial of his motion to dismiss the indictment. Defendant also appeals from the District Court's imposition of sentence, claiming that the sentence was based on hearsay testimony of unnamed informants, and further, that he was precluded from ascertaining whether the informants were in the Witness Protection Program, in violation of his Fifth Amendment due process rights.

## I. *Speedy Trial Act.*

Defendant claims that the 20 month delay between his arrest on September 30, 1982, and his indictment on May 24, 1984, violated his rights under 18 U.S.C. §§ 3161(b) and 3162(a)(1). Section 3161(b) sets forth the time limit in which the government must seek an indictment: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges...."

Section 3162(a)(1) sets forth the sanction for noncompliance with § 3161(b): "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against the individual contained in such complaint shall be dismissed or otherwise dropped...."

■ Defendant contends that the Act bars prosecution not only for the charge alleged in the complaint, but also for any conduct "aris[ing] out of the same criminal episode" which was "known or reasonably should have been known" at the time the complaint was filed. Defendant claims that the same facts underlie both the later indictment and the earlier complaint and that the government cannot avoid the Act simply by changing the charges brought.

■ The statutory language is clear: it requires dismissal only of "*such* charge against the individual contained in *such* complaint." 18 U.S.C. § 3162(a)(1) (emphasis added). "Absent a clear indication of legislative intent to the contrary, the statutory language controls its construction." *Ford Motor Credit Co. v. Cenance*, 452 U.S. 155, 158 n. 3, 101 S.Ct. 2239, 2241 n. 3, 68 L.Ed.2d 744 (1981).

Moreover, the legislative history of the Act clearly indicates that Congress considered and rejected defendant's suggestion that the Act's dismissal sanction be applied to subsequent charges if they arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint.

The Act went through numerous drafts. The initial drafts, which Congress rejected, contained sanction provisions requiring the dismissal with prejudice of any indictment brought more than 30 days after arrest if such indictment charged an offense which was "required to be joined with the offense [stated in the complaint]," H.R. 7107, 92d Cong., 1st Sess., 117 Cong.Rec. 9063 (April 1, 1971); *see also* S. 895, 92d Cong., 1st Sess., 117 Cong.Rec. 3407 (Feb. 22, 1971), or, charged an "offense based on the same conduct or arising from the same criminal episode, and any other other offense required to be joined with the issue," S. 754, 93d Cong., 1st Sess., 119 Cong.Rec. 3265 (Feb. 5, 1973), *see also* H.R. 17409, 93d Cong., 2d Sess., 120 Cong.Rec. 35775 (Oct. 16, 1974), or, charged "offenses which were known or reasonably should have been known at the time of dismissal," H.R. 17409, 93d Cong., 2d Sess. (1974). The Act was amended and narrowed on the House floor to express only its present very limited application. *See* 120 Cong.Rec. 41793–95 (Dec. 20, 1974). *See generally* A. Partridge, *Legislative History of Title I of the Speedy Trial Act of 1974* 194–95 (Fed.Judicial Center 1980).

Based on the legislative history, the Ninth Circuit, in *United States v. Pollock*, 726 F.2d 1456 (9th Cir.1984), and *United States v. Heldt*, 745 F.2d 1275 (9th Cir. 1984), has held "that when the government fails to indict a defendant within 30 days of arrest, section 3162(a)(1) requires dismissal of *only* the offense or offenses charged in the original complaint." *Pollock*, 726 F.2d at 1462 (emphasis added). The Court reasoned that "Congress implicitly rejected the broad construction of the dismissal sanction urged by [defendant].... This language would have required courts to engage in the complex task of investigating the relationship between the conduct underlying the offenses charged in the complaint and the conduct underlying the offenses listed in the indictment." *Pollock*, 726 F.2d at 1462–63 (citations omitted).

Contrary to defendant's argument, the Eleventh Circuit, in *United States v. Reme*, 738 F.2d 1156 (11th Cir.1984), has not read the dismissal sanction as having a much broader application. That Court has acknowledged that "[a]n arrest triggers the running of § 3161(b) of the Speedy Trial Act only if the arrest is for the same offense for which the accused is subsequently indicted .... The time limitation for indicting an accused does not begin to run if the accused is arrested for an unrelated offense." *Reme*, 738 F.2d at 1162, *quoting United States v. Brooks*, 670 F.2d 148, 151 (11th Cir.), *cert. denied*, 457 U.S. 1124, 102 S.Ct. 2943, 73 L.Ed.2d 1339 (1982).

Similarly, the defendant's reliance on language in *United States v. Nixon*, 634 F.2d 306, 309 (5th Cir.), *cert. denied*, 454 U.S. 828, 102 S.Ct. 120, 70 L.Ed.2d 103 (1981), *United States v. Cabral*, 475 F.2d 715, 718 (1st Cir.1973), and *United States v. DeTienne*, 468 F.2d 151, 155 (7th Cir.1972), *cert. denied*, 410 U.S. 911, 93 S.Ct. 977, 35 L.Ed.2d 274 (1973), is misplaced. Those cases hold only that a subsequent prosecution may be barred if it is based on an indictment which merely "gilds" an earlier charge or if the subsequent charge is a mere difference in accusational dates. In this case, the initial charge against the defendant for making a false application for a bank account was entirely different from and based on different proof than the later indictment for larceny of bank funds.

## II. *Sentencing.*

Defendant also claims his due process rights at sentencing were violated.

After defendant had pled guilty, but before he was sentenced, the government submitted a sentencing memorandum requesting "a substantial prison term" because the defendant was closely associated with an active member of an organized crime family who had headed a criminal group active in loan sharking, bank and insurance frauds, labor racketeering, and other illegal pursuits.

Defendant's attorney requested a "Fatico" hearing to dispute these allegations. *See United States v. Fatico*, 579 F.2d 707 (2d Cir.1978) (*Fatico I*); *United States v.*

*Fatico,* 603 F.2d 1053 (2d Cir.1979), *cert. denied,* 444 U.S. 1073, 100 S.Ct. 1018, 62 L.Ed.2d 755 (1980) *(Fatico II ).*

At the outset of the sentencing hearing, Judge Mishler stated that the allegations of defendant's ties to organized crime were "going to be a significant factor in determining sentence in this case."

According to government witnesses, six confidential informants had identified Michael Franzese as a member of organized crime. Defendant was linked to Franzese and his group; he had attended meetings at which criminal ventures were discussed. Tape and video recordings presented at the hearing reflected conversations in which defendant directed a grand jury witness to "get rid" of records which might bear on the loan sharking activities under scrutiny by the grand jury. Defendant also was recorded while instructing a witness regarding Franzese's involvement with the defendant and the witness. The government presented evidence that an indictment was pending against defendant relating to his loan sharking activities and that he would be prosecuted by State authorities for obstruction of justice and tax offenses.

At the hearing, defendant challenged the government's use of informant information but failed to adduce any evidence suggesting that the information was false. To the contrary, defendant declined to testify or even to supply information of his financial condition to the Probation Department.

Defendant's counsel persistently sought to ascertain whether the informants who had supplied the information of defendant's activities were in the Witness Protection Program (WPP) and to have them appear at the hearing as witnesses. The judge refused to honor these requests, stating "even narrowing down the witnesses to a limited number of possible informants would place their lives in jeopardy," and the WPP is not sufficiently secure to protect the lives of the informants. The Court also stated that the WPP "ends at some time" and that "because their lives are in jeopardy," the witnesses were unavailable.

■ Hearsay information may unquestionably be used in the discretion of a sentencing judge and given such weight as appears in his discretion to be merited. Such information does not violate due process requirements. *See Williams v. New York,* 337 U.S. 241, 250, 69 S.Ct. 1079, 1084, 93 L.Ed.2d 1337 (1949); *United States v. Orozco-Prada,* 732 F.2d 1076, 1085 (2d Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 154, 83 L.Ed.2d 92 (1984). Rule 32(c)(3)(A), Fed.R.Crim.P., specifically authorizes the sentencing judge to consider information from confidential informants.

■ The District Court's concern with the informants' safety was sufficiently grounded in the facts and circumstances of the defendant's associations and activities. This concern supplied ample cause to sustain the ruling below precluding questioning whether the informants were in the Witness Protection Program. Moreover, it cannot be gainsaid that a governmental privilege exists to protect the confidentiality of informants in cases of this kind. *See United States v. Charmer Industries, Inc.,* 711 F.2d 1164, 1171 n. 7 (2d Cir.1983). The public interest at stake in effective law enforcement is ample justification for the privilege.

■ The corroboration needed for the information placed before the judge was adequately supplied by the large number of informants who confirmed that defendant was involved in obstruction of justice and was associated with a known crime family figure as a trusted associate and collector for him. *See Fatico II,* 603 F.2d at 1057. The evidence came from sources who supplied evidence against their own penal interest, establishing reliability. *Cf. United States v. Harris,* 403 U.S. 573, 580, 583–84, 91 S.Ct. 2075, 2080, 2081–82, 29 L.Ed.2d 723 (1971) (plurality).

The District Court found "that the government has shown ... beyond a reasonable doubt that this defendant had ties with an organized crime family and that he was a trusted associate and collector of loan sharking loans for Michael Francese." The evidence was more than sufficient to

meet the government's lesser burden of proof. *See Fatico II,* 603 F.2d at 1057.

The sentencing hearing met all the essentials required by the case and considerations of due process.

Affirmed.