**UNITED STATES of America, Plaintiff,**

v.

**Francesco BILOTTA, et al, Defendants.**

**No. 84 CR 634(S).**

United States District Court,
E.D. New York.

July 31, 1986.

Andrew J. Maloney, U.S. Atty., E.D. N.Y., Michael H. Gold, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Dominic F. Amoroso, Stephen E. Kaufman, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a motion to dismiss two counts of a three-count superseding indictment. Defendant Bilotta charges that his rights under the Speedy Trial Act were violated by the procedure employed by the government in arresting him, indicting him, and indicting him again. For the reasons stated below, the motion is granted.

### Facts

Defendant Bilotta was arrested on or about November 2, 1984. The complaint upon which the arrest warrant was issued charged three crimes: 1) conspiring, in violation of 18 U.S.C. § 371, to violate 22 U.S.C. § 2778 by exporting without a license speech scramblers, space electronics and anti-"G" suits to the U.S.S.R. and military training equipment and patrol vessels to Libya; 2) conspiring, in violation of § 371, to violate 50 U.S.C.App. §§ 2401 *et seq.* by exporting electronic equipment to the U.S.S.R. and camouflage to Libya, knowing that the exports would be used for the benefit of those countries, to which exports are restricted; and 3) exporting camouflage to Libya, with the same knowledge, in violation of 50 U.S.C.App. § 2410(b)(1) and 18 U.S.C. § 2. The indictment, which was filed on November 14, 1984, charged only that defendant had exported camouflage in violation of 22 U.S.C. § 2778.

On April 17, 1986, after delays occasioned by plea negotiations, motions and consensual adjournments, the government filed a three-count superseding indictment charging the defendant with: 1) violating § 371 by conspiring to violate 22 U.S.C. § 2778 by exporting to Libya without a license five Day Record Rangers with Combat Simulation Systems, two DBT–18sc Tank Target Systems, DBT–21c Gunfire Simulator and Smoke Scorer Systems, one hundred Super 1000 Car Telephones, six thirty-six foot SWC9L Sea Fox Class Craft, machine guns, camouflage material and missile target systems; 2) exporting camouflage material without a license in violation of 22 U.S.C. § 2778; and 3) conspiring to violate 22 U.S.C. § 2778 by acquiring and exporting to Russia without a license systems for codification and decoding for voice and speech scramblers. Defendant does not argue that Count Two, which merely restates the original indictment, violates the Speedy Trial Act. He is quite

concerned, however, with the addition of the two conspiracy counts.

## Discussion

The Speedy Trial Act, 18 U.S.C. §§ 3161 *et seq.*, provides in relevant part:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges.

Defendant argues that the superseding indictment filed on April 17, 1986 violated this thirty-day provision because he was arrested in connection with those charges on November 2, 1984. The government contends that the charges in the superseding indictment are different from those outlined in the complaint underlying defendant's arrest and that the thirty-days-to-indict rule therefore does not apply.

■ The government is correct that section 3161(b) "bars prosecution ... only for the charges alleged in the complaint," *United States v. Napolitano*, 761 F.2d 135, 137 (2d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985); it does not prevent later prosecution for different crimes even if the "subsequent charges ... arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint," *id.* Where, however, the government indicts a defendant for the same conduct for which it had arrested him more than thirty days previously, the charge must be dismissed. *See United States v. Gonzalez,* 748 F.2d 74, 79 (2d Cir.1984). Accordingly, resolution of this motion turns on the extent to which the new charges in the superseding indictment restate the charges in the complaint.

■ An examination of the two sets of charges reveals that the superseding indictment is simply a more detailed version of the crimes described in the complaint; it is the completed canvas of the painting first etched in the complaint. Almost all the equipment that defendant is alleged in Counts One and Three of the superseding indictment to have conspired to export are mentioned either specifically or generically[1] in the conspiracy sections of the complaint.

The government argues that the charges are different because there are a few items mentioned in the superseding indictment that are not mentioned in the complaint, and some items mentioned in the complaint as part of a conspiracy to violate 50 U.S.C. App. §§ 2401 *et seq.* are referred to in the indictment in the context of a conspiracy to violate 22 U.S.C. § 2778.[2] Those two statutes are similar,[3] however, and either charge is a § 371 conspiracy. In the complaint and the superseding indictment the same conduct is alleged to violate the same statute; the only changed allegation is the crime that that conduct is alleged to constitute a § 371 conspiracy to violate.[4]

---

1. For example, the superseding indictment refers to "combat simulation systems," whereas the complaint uses the general term "military training equipment."

2. For example, the complaint alleges an 18 U.S.C. § 371 conspiracy to violate 50 U.S.C.App. §§ 2401 *et seq.* by exporting electronic equipment to the U.S.S.R., whereas the indictment charges a § 371 conspiracy to violate 22 U.S.C. § 2778 by exporting systems of codification and decoding to the U.S.S.R.

3. Both 50 U.S.C.App. §§ 2401 *et seq.* and 22 U.S.C. § 2778 concern the regulation of exports. Section 2778 involves trade in arms, whereas sections 2401 *et seq.* deal with technology which could aid the military potential of foreign countries.

4. The government also argues that the charges in the superseding indictment differ from those in the complaint because the time periods of the alleged conspiracies differ slightly. The divergences are ever so slight, and in any event they do not suffice to avoid the strictures of 18 U.S.C. § 3161(b): a later "prosecution may be barred ... if the subsequent charge is a mere difference in accusational dates," *United States v. Napolitano,* 761 F.2d 135, 138 (2d Cir.), *cert. denied,* — U.S. —, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985).

The prosecution's reliance on *United States v. Guzman,* 754 F.2d 482 (2d Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 788, 88 L.Ed.2d 766 (1986), is misplaced. That case interpreted 18 U.S.C. § 3161(c)(2), which states that a "trial shall not commence less than thirty

Even if these technical differences sufficed to satisfy the purposes of the Speedy Trial Act, *see generally United States v. Stayton,* 791 F.2d 17, 19–20 (2d Cir.1986); *United States v. Caparella,* 716 F.2d 976, 981 (2d Cir.1983), a common sense comparison of the two documents and the particular circumstances of this case militate against an interpretation of the statute that would permit the government to split hairs in this manner. The prosecution has not explained except in the most technical terms how the conspiracies alleged in the superseding indictment can be distinguished from those described in the complaint; it has not even attempted to demonstrate any practical distinction between the two supposedly different plots alleged. Nor has it made a claim that it has acquired additional evidence, or even devised a new legal theory, that would explain why it waited a year and a half to present the superseding indictment. Finally, its dilatory approach to this prosecution and its disregard of its obligations to the Court and the defendant[5] provide further reason to

doubt the good faith of the government. This "subsequent prosecution [should be barred because] it is based on an indictment which merely 'gilds' an earlier charge...." *United States v. Napolitano, supra,* 761 F.2d at 138.

■ The sanction for a violation of section 3161(b) is found at 18 U.S.C. § 3162(a)(1):

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

Accordingly, the conspiracy counts in the complaint are hereby dismissed. Section 3162(a)(1) goes on to state:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of

days from the date on which the defendant first appears...." In *Guzman,* the government, on the eve of trial, superseded the indictment to charge a conspiracy lasting significantly longer than the one originally charged. The Court held that even if the government's evidence would not change, the defendant should have been granted a continuance in order to prepare his defense to the expanded charge. *See id.* at 486.

The government here argues: 1) that *Guzman* stands for the proposition that a change in time period constitutes a new charge; and 2) that "by implication the [*Guzman* Court] did not find the addition of this charge to be barred by its holding in *Gonzalez*" (Government's Affirmation in Opposition ¶ 13, at 7). The first assertion is cast in grave doubt by the Second Circuit's more recent statement to the contrary in *Napolitano* quoted above. In any event, that an expanded conspiracy is a new charge for purposes of § 3161(b) by no means follows from a holding that an expansion of a conspiracy's alleged duration requires a continuance to prepare pursuant to § 3161(c)(2).

The second assertion is also doubtful, because the *Guzman* Court did not address the *Gonzalez* issue. In *Gonzalez,* 748 F.2d 74 (2d Cir.1984), the complaint charged X, the first indictment charged Y, and the superseding

indictment charged X and Y. The Court held that the X charge had to be dismissed under § 3161(b) because more than thirty days had elapsed between the filing of the complaint and the return of the superseding indictment. *See id.* at 79. In *Guzman* the first indictment charged X and the superseding indictment charged an expanded version of X. The defendant argued under § 3161(c)(2) that the second charge was sufficiently different that he should have been given extra time to prepare his defense, and the Court agreed. *See* 754 F.2d at 486. The defendant never argued—although he perhaps could have, *see United States v. Wilks,* 629 F.2d 669, 672 (10th Cir.1980) (defendant made strategic choice to seek dismissal under Speedy Trial Act rather than request continuance to prepare; necessity of choosing did not create an impermissible trade-off of constitutional rights)—nor did the Court hold, that the charges were so similar as to require dismissal under § 3161(b)'s indict-within-thirty-days rule.

5. For example, despite its frequent assurances that it would promptly respond to this motion, which was filed on May 10, 1986, the government did not do so until July 14, 1986. In the interval the prosecutor failed to respond to several inquiries as to the status of this matter. The government never responded at all to a motion filed by defendant on March 31, 1986.

the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

In considering the first factor—the seriousness of the offense—the Court does not wish to deprecate the charge of exporting military and electronic equipment without a license,[6] especially when the target countries are hostile to our own. If Bilotta's activities were in fact as dangerous as the government now claims, however, it seems unlikely that it would have waited eighteen months to indict him.

The second factor is the circumstances leading to the dismissal. The government has stated that the delay in superseding was occasioned by good faith negotiations to resolve the matter by plea. As early as April 1985, however, defense counsel informed the government in writing that it should no longer hold off on the presentation of a superseding indictment pending plea discussions, as the defendant had earlier requested.

The delay is particularly sinister in light of the hostilities between the United States and Libya that developed during 1986. The superseding indictment was returned during the height of the media coverage of the Libyan situation; the suspicion that the government sought to exploit that publicity is not unwarranted. A fair jury trial in a case involving Libya would obviously have been much easier to obtain in 1985 than in 1986, and this prejudice to the defendant is a proper consideration in determining whether to dismiss with or without prejudice, *see United States v. Caparella, supra,* 716 F.2d at 980.

Defendant in fact sought an adjournment of the January 10, 1986 trial date on the ground that then-current events involving Libya would make it impossible to get a fair trial before a jury. The government consented to that motion, but then seized the opportunity presented by the adjournment to supersede the indictment. This it did despite the fact that it had represented to defense counsel at a meeting held prior to the January 10 trial date that it had no plans to supersede. Defendant asserts that he relied on that representation to his detriment because he would not have sought an adjournment of the January 10 trial, if he thought there might be a superseding indictment. This additional prejudice to the defendant, considered along with "the sheer length of the period involved," *United States v. Stayton, supra,* 791 F.2d at 21, further militates in favor of a dismissal with prejudice.

The final consideration is the impact of permitting reprosecution on the administration of the Speedy Trial Act and on the administration of justice. "[A] violation of any of the Act's time limits ... negatively impact[s] on the administration of the Act." *United States v. Caparella, supra,* 716 F.2d at 981. A dismissal with prejudice will further the administration of justice by acting as "a deterrent to other would-be offenders [and a] reaffirmance of Congress' basic purpose in enacting the Speedy Trial Act." *Id.* Delays such as the one in this case injure the interests of both the defendant and society in promptly disposing of criminal cases. *See id.*

Accordingly, after careful consideration, I conclude that the conspiracy charges should be dismissed with prejudice. The parties shall appear before this Court on September 17, 1986 at 2 p.m. for a status conference to discuss the remainder of defendant's motions and set a trial date.

SO ORDERED.

---

**6.** The charges here were 18 U.S.C. § 371 conspiracies, which carry a maximum penalty of five years in prison and a $10,000 fine.