**UNITED STATES of America**

v.

**Romeo CORTINAS, Defendant.**

**No. CR–91–1412.**

United States District Court,
E.D. New York.

Feb. 28, 1992.

Mark A. Kirsch, Asst. U.S. Atty., Brooklyn, N.Y., for plaintiff.

Frank Handelman, New York City, for defendant.

## MEMORANDUM AND ORDER

GLASSER, District Judge:

The defendant in this criminal action seeks to dismiss both counts of the indictment against him on the ground that the indictment was filed in violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 et seq. For the reasons indicated below, count one of the indictment is dismissed without prejudice; count two of the indictment is not dismissed.

## FACTS

The defendant, Romeo Cortinas, was arrested on September 5, 1991 pursuant to a warrant issued by Magistrate Judge Carter. That warrant was predicated on a complaint that charged Cortinas with conspiring to distribute and to possess with intent to distribute cocaine. Memorandum of Government at 18. The complaint alleged that Cortinas had agreed to pay a coconspirator $1,000 to transport two kilograms of cocaine to Buffalo, New York.

At his arraignment on September 5, 1991, Magistrate Judge Caden ordered the defendant detained; the defendant, according to the government, immediately en-

tered an application for bail. A bail package was subsequently structured and approved, and the defendant was released on September 10, 1991. Soon thereafter, Frank Handelman, counsel for Cortinas, held preliminary discussions with Mark Kirsch, the Assistant United States Attorney then assigned to the case, concerning the possible cooperation of the defendant with the government. In order to facilitate those discussions, the defendant executed a waiver of speedy indictment for the period of October 8, 1991 through October 22, 1991.

At some point before the expiration of this waiver of speedy indictment, counsel for the defendant requested information of the government regarding possible tape-recorded statements of the defendant. Apparently after some discussion, Assistant United States Attorney Kirsch agreed to permit the defendant and his attorney to listen to those tape-recordings at the office of the United States Attorney on December 2, 1991. To this end—which apparently was viewed by both sides as integral to the possible cooperation of the defendant—Cortinas entered into two more waivers of speedy indictment: One such waiver excluded the time from October 22, 1991 through a date in early November (the precise date is disputed by the parties); the other was in effect from the expiration of the October 22, 1991 waiver through December 6, 1991. Despite the fact that the parties dispute the end-date of the October 22, 1991 waiver—the government places the date as November 11, 1991, and the defendant states that it was November 5, 1991—the government and the defendant agree that no speedy-indictment time elapsed between the end of the October 22, 1991 waiver and the beginning of the November waiver.

However, on December 4, 1991, the defendant informed the government that he would not cooperate and would not enter a plea of guilty. The government represents that, at this time, Assistant United States Attorney Kirsch was ill and was absent from his office. Because only two days remained until the expiration of the November waiver, the government secured a final waiver of speedy indictment from the defendant; that waiver was effective from December 6, 1991 until (or through—this appears to be a matter of dispute) December 20, 1991. Assistant United States Attorney Julie Katzman appeared on behalf of the government at the execution of that waiver before Magistrate Orenstein.

The government represents that this case was reassigned from Kirsch to Katzman on December 17, 1991, and that because of a "miscommunication between [Katzman] and AUSA Kirsch, [Katzman] believed that no action was necessary on the case until early January." Affidavit of Julie E. Katzman ¶ 15. On December 23, 1991, Katzman discovered that the last waiver of speedy indictment had expired and that the government would need additional time in which to seek an indictment. The defendant, however, refused to execute a new waiver. The government further indicates that it was unable to schedule time before a grand jury until December 27, 1991—at which time a true bill was voted. In the interim, the complaint against the defendant was dismissed without prejudice by Magistrate Chrein on December 26, 1991 (but the dismissal was not docketed until January 9, 1992).

The indictment presents two counts against the defendant: Count one charges that the defendant "did knowingly and intentionally conspire to possess with intent to distribute cocaine;" count two charges that he "did knowingly and intentionally possess with intent to distribute cocaine." The defendant has now moved this court to dismiss both counts of the indictment with prejudice; the government maintains that count one should be dismissed without prejudice and also that there is no basis for dismissal of count two.

## DISCUSSION

Section 3161(b) of Title 18 of the United States Code provides, in relevant part:

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual

was arrested or served with a summons in connection with such charges.

As a sanction for a violation of this provision, 18 U.S.C. § 3162(a)(1) provides:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped.

Thus, under Sections 3161(b) and 3162(a)(1), a defendant must be formally charged, by indictment or by information, within thirty days of his arrest on a complaint—subject to certain extensions of time set forth in 3161(h). Failure by the government so to indict a defendant within that thirty-day period requires dismissal of any count against him that is predicated on a charge in the complaint.

In this case, the government does not dispute that it failed to indict Cortinas on count one (the count of the indictment that was charged in the complaint) within the prescribed thirty-day period. Rather, the government concedes that thirty-four includable days elapsed between the arrest of Cortinas on September 5, 1991 and his indictment on December 27, 1991. On this point, the defendant disagrees with the government: He argues that a total of thirty-nine includable days elapsed during that time.

The defendant argues that thirty-two includable days elapsed from September 5, 1991 until October 8, 1991—the effective date of the first speedy indictment waiver. The defendant does not dispute that the time from October 8, 1991 until December 20, 1991 was excluded from the speedy indictment calculus because of the successive waivers signed by the defendant. He does, however, count as seven includable days the period from December 20, 1991 until December 27, 1991 (the date of his indictment). Thus, he argues, the thirty-two days from early September until early October and the seven days preceding the return of the indictment in December constitute a total period of thirty-nine includable days—nine more than permitted by Section 3161(b).

■ The government disputes these calculations by the defendant. First, the government maintains that the defendant moved for bail on September 5, 1991 but that Magistrate Caden did not resolve that issue until a bail hearing on September 10, 1991; thus, the government concludes, the period from September 5, 1991 until September 10, 1991 was excludable under 18 U.S.C. § 3161(h)(1) (excluding time for "[a]ny period of delay resulting from ... proceedings concerning the defendant"). In this regard—assuming the truth of the representation by the government that the defendant's bail application was pending between September 5, 1991 and September 10, 1991—the government is correct. *United States v. Hammad*, 709 F.Supp. 334, 335 (E.D.N.Y.1989), *aff'd*, 902 F.2d 1062 (2d Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 192, 112 L.Ed.2d 154 (1990) (time between application for release on bail and bail hearing excludable under Section 3161(h)(1)). Thus, the government is right to assert that only twenty-eight includable days elapsed between the time of arrest and the beginning of the first waiver on October 8, 1991.

Neither party contends that any days between the beginning of the first speedy-indictment waiver on October 8, 1991 and the end of the last waiver on December 20, 1991 are includable. The defendant contends, however, that seven days elapsed between December 20, 1991 and December 27, 1991—the date of indictment. The government, on the other hand, argues that the last waiver, which was executed on December 6, 1991, remained effective *through* December 20, 1991; hence, the government concludes, December 20, 1991 cannot be counted in the speedy-indictment calculus. Unfortunately, the parties have not supplied this court with the text of the relevant waiver agreement, and it is thus difficult to ascertain whether or not December 20, 1991 constitutes an includable day. In any event, the twenty-eight includable days before October 8, 1991 along

with the six or seven includable days in December total either thirty-four or thirty-five includable days on the speedy-indictment clock.

■ Because there is no dispute that the government filed an untimely indictment on count one under Section 3161(b), there can also be no dispute that this court must dismiss that count of the indictment under Section 3162(a)(1). See *United States v. Taylor*, 487 U.S. 326, 332, 108 S.Ct. 2413, 2417, 101 L.Ed.2d 297 (1988) (Section 3162(a)(2)—which parallels Section 3162(a)(1)—"admits no ambiguity in its requirement that," an indictment filed in violation of Section 3161(b) " 'shall be dismissed' " if the defendant is not timely brought to trial under Section 3161(c)— which parallels Section 3161(b)). And, although the decision whether to dismiss the indictment with prejudice or without prejudice is a matter for the discretion of the trial court, that discretion is circumscribed by clear statutory guidance: That is, the trial court must weigh "at least the three ... factors" specified in Section 3162(a)(1). *Taylor*, 487 U.S. at 333, 108 S.Ct. at 2417. Thus:

> [T]he court shall consider, among others, the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice.

18 U.S.C. § 3162(a)(1). Taken together, these three factors indicate that the court should dismiss count one of this indictment without prejudice.

First, as to the seriousness of the offense charged, the appellate courts have generally considered cases that involve even small quantities of proscribed drugs to constitute "serious" offenses for purposes of the Speedy Trial Act. See *United States v. Simmons*, 786 F.2d 479, 485 (2d Cir.1986) ("possession of six glassine envelopes containing heroin with intent to distribute" held to be "serious" under Section 3162(a)(2)); *United States v. Brown*, 770 F.2d 241, 244 (1st Cir.1985), *cert. denied*, 474 U.S. 1064, 106 S.Ct. 816, 88

L.Ed.2d 789 (1986) (conspiracy and possession with respect to four ounces of cocaine held to be "undeniably serious" under Section 3162(a)(2)); *United States v. Tunnessen*, 763 F.2d 74, 79 (2d Cir.1985) (possession of four pounds of cocaine considered to be "serious" under Section 3162(a)(2)); *United States v. Russo*, 741 F.2d 1264, 1267 (11th Cir.1984) (methadone offense conceded to be "serious" under Section 3162). Along these lines, the government argues that "Congress views [the] crime [with which Cortinas is charged] as grave enough to warrant a sentence of between five and forty years." Memorandum of Government at 9. Notwithstanding that the government is, in effect, asking this court to employ its own discretion to promote the dubious congressional practice of mechanically characterizing the quality of drug offenses by the type and quantity of drug involved, the case law is quite clear that the offense in this case is in fact "serious" under Section 3162(a)(1). Hence, the first factor of the relevant test weighs in favor of dismissal without prejudice. Indeed, the Second Circuit has remarked that: "Where the crime charged is serious, the sanction of dismissal with prejudice should ordinarily be imposed only for serious delay." *Simmons*, 786 F.2d at 485.

The second factor for the court to consider is the entirety of the "facts and circumstances" that led to the violation of Section 3161(b). The government first correctly points out that the length of the delay in this case—either six or seven days over the permissible thirty-day period—is, at most, a minor infraction of Section 3161(b). See *United States v. Hernandez*, 863 F.2d 239, 244 (2d Cir.1988) (Korman, J.) ("The fourteen-day delay here borders on being *de minimis....*"). Thus, the length of the delay itself does not indicate that count one should be dismissed with prejudice.

The government also argues that the delay in filing the indictment was not the result of bad faith on its part; rather, the government suggests that inadvertence, miscommunication, and simple mistake precipitated the untimely indictment. In this regard, the government is quick to point

out that the first assistant assigned to this matter was ill at the time the defendant determined that he would not cooperate with the government; thus, the government suggests that it was in an awkward posture—with few days left on the speedy-indictment clock—when it became clear that an indictment would be necessary. The government explained to the court at oral argument that most of the includable days—that is, the twenty-eight days from September 10, 1991 to October 8, 1991—were consumed during the course of discussions between the government and the defendant about possible cooperation; and the government submits that it was particularly eager to secure such cooperation from the defendant in light of his youth and of the mandatory minimum sentence he faces. The defendant, for his part, represented to the court at argument that he makes no suggestion that the failure of the government to indict him within the required period was the product of bad faith. The lack of bad faith by the government clearly counsels for dismissal without prejudice. See *Hernandez*, 863 F.2d at 244 ("[I]n the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney, an 'isolated unwitting violation' of the Speedy Trial Act cannot support a decision to dismiss with prejudice. *Taylor*, 108 S.Ct. at 2421.").

Another relevant aspect of the "facts and circumstances" that led to the delay in question is any resulting prejudice to the defendant. *Taylor*, 487 U.S. at 340, 108 S.Ct. at 2421. Here, the defendant does not assert even a conclusory allegation that he was prejudiced—beyond the mere fact of the violation—by this six- or seven-day infraction of Section 3161(b); much less does he set forth any support for this proposition that could lead the court to conclude that he has in fact suffered prejudice. For its part, the government argues that the defendant was not prejudiced because he was only incarcerated for five days after his arrest and because the total length of time over the thirty-day limit was only a few days. Memorandum of Government at 16.

Dispositive on this question is the fact that the defendant executed four speedy-indictment waivers after what he perceived to be the expiration of the thirty-day speedy indictment period. That is, the defendant now argues that, at the time he executed his first waiver on October 8, 1991, thirty-two includable days had elapsed. Even though he is incorrect in this calculation (as shown above, only twenty-eight days had elapsed), he nonetheless *perceived* himself not to have been prejudiced by the passage of these thirty-two days. That he did not move to dismiss the indictment on the basis of a thirty-two day delay at that time strongly implies that he has not been prejudiced by what is now a thirty-four or a thirty-five day delay. Thus, in all its aspects, the second factor to be weighed—that is, the "facts and circumstances"—argues very strongly against dismissal with prejudice. The length of the delay was short; the government acted in good faith; and the defendant has not been prejudiced.

The third and final factor that the statute directs to the guidance of the discretion of the district court is the effect of reprosecution on the administration of the Speedy Trial Act and on the administration of justice. As to the administration of the Speedy Trial Act, it is beyond dispute that dismissal with prejudice will do more to ensure future compliance by the government with the speedy-indictment provisions of Section 3161(b) than will dismissal without prejudice. See *Taylor*, 487 U.S. at 342, 108 S.Ct. at 2422 ("[D]ismissal with prejudice always sends a stronger message than dismissal without prejudice, and is more likely to induce salutary changes in procedures, reducing pretrial delays."). However, notwithstanding this sound policy argument of holding the government strictly to the provisions of the Speedy Trial Act—an act which, after all, attempts to make specific the broad constitutional guarantee of the right to a speedy trial—the Second Circuit has held that, under *Taylor*, concern for administration of the Act cannot justify dismissal with prejudice if: the offense is serious; the delay is short; there

is no evidence of bad faith or a pattern of neglect by the government; and the defendant has not demonstrated prejudice. *Hernandez,* 863 F.2d at 244. Thus, under circumstances such as those of this case, *Hernandez* precludes dismissal with prejudice predicated on solicitude for the integrity of the Speedy Trial Act. In this same regard, the Second Circuit has held that the administration of justice is not adversely affected by a reprosecution after dismissal without prejudice "where the violation of the Act was unintentional and the resulting delay was not overly long, and where [the defendant] has not presented evidence of prejudice...." *Simmons,* 786 F.2d at 486. Thus, under *Hernandez* and under *Simmons,* both aspects of the third statutory factor direct the court to dismissal of count one without prejudice.

On the whole, then, the seriousness of the offense with which Cortinas is charged, the facts and the circumstances that led to the delay, and the effects of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice all but dictate that this court, in its discretion, dismiss count one of the indictment without prejudice. For these reasons, the court will dismiss count one of the indictment without prejudice.

█ Finally, the defendant argues that the court should dismiss not only the first count of the indictment but the second count as well. This position is, at the least, inconsistent with the text of Section 3162(a)(1) which provides that a failure to file an indictment within the time required by Section 3161(b) mandates dismissal of "such charge ... contained in [the] complaint...." The Second Circuit has construed this language literally: Section 3162(a)(1) provides for the dismissal only of the charges against the defendant that are actually set forth in the complaint referred to in that statute. *United States v. Napolitano,* 761 F.2d 135, 137 (2d Cir.), *cert. denied,* 474 U.S. 842, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985). In this case, only the first count—conspiracy to distribute and to possess—was contained in the complaint against the defendant; the second count of

the indictment—substantive possession—was not in the complaint. Thus, regardless of the fact that these two counts arose out of the same criminal transaction and regardless of the fact that they were known or reasonably could have been known at the time the complaint was filed, these two counts were not both contained in the complaint—and that fact alone is dispositive. *Id.*

Although the defendant is correct that case law in other circuits has established that a count not otherwise subject to dismissal under the Speedy Trial Act may be dismissed if it simply "gilds" a count that must be dismissed, *id.* at 138, that doctrine is inapplicable here. Conspiracy to distribute and to possess illegal drugs is a charge that is entirely distinct from a substantive possession charge; as such, one will survive the dismissal of the other on speedy trial grounds. Cf. *United States v. Badr,* 604 F.Supp. 569, 580 (E.D.N.Y.1985) (conspiracy to distribute and to possess and substantive possession not same "charge" for purposes of Section 3162(a)(1)). The cases cited by the defendant are inapposite: *United States v. Oliver,* 683 F.Supp. 35 (E.D.N.Y.1988), refused to apply the "gilding" test; and *United States v. Bilotta,* 645 F.Supp. 369, 371–72 (E.D.N.Y.1986), *aff'd,* 835 F.2d 1430 (1987), simply found that conspiracy counts in a superseding indictment were mere restatements of conspiracy counts in an earlier version of the indictment. Thus, there is no basis for dismissal of count two of the indictment against Cortinas.

### CONCLUSION

For the reasons indicated above, the court hereby dismisses the first count of the indictment without prejudice.

SO ORDERED.