**UNITED STATES of America,**
**Appellee,**

v.

**Santos Felipe CORNELIO,**
**Defendant–Appellant.**

No. 02–1410.

United States Court of Appeals,
Second Circuit.

March 7, 2003.

Matthew L. Levine, Assistant United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

Larry Sheehan, Scarsdale, NY, for Defendant–Appellant.

PRESENT: STRAUB, KATZMANN and RAGGI, Circuit Judges.

### *SUMMARY ORDER*

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 7th day of March, two thousand and three.

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

Defendant–Appellant Santos Felipe Cornelio ("Cornelio") appeals from a July 10, 2002 judgment of the United States District Court for the Eastern District of New York (Charles P. Sifton, *Judge* ) convicting him, following a jury trial, of conspiracy to exchange stolen or forged United States Treasury checks, in violation of 18 U.S.C. § 371 and § 510(b). Cornelio was sentenced to 37 months imprisonment and ordered to pay $149,294 in restitution.

On appeal, Cornelio challenges his conviction arguing that the evidence was legally insufficient, and that the conspiracy count should have been dismissed on speedy trial grounds. Cornelio also challenges his sentence, arguing that the District Court incorrectly calculated the loss for which he was responsible and improperly applied enhancements for abusing a position of trust and obstruction of justice. For the reasons that follow, we reject his arguments and AFFIRM his conviction and sentence.

Cornelio contends that the Government failed to prove beyond a reasonable doubt that he committed the crimes in question. A defendant seeking to overturn a conviction based upon insufficiency of the evidence faces a "heavy burden." *United States v. Walsh,* 194 F.3d 37, 51 (2d Cir. 1999). A conviction challenged on insufficiency of the evidence will not be disturbed if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original).

Cornelio does not argue that no rational trier of fact could have found a particular element of the crimes beyond a reasonable doubt; rather, Cornelio attacks the jury's credibility determinations regarding the testimony of his accomplice, who testified that Cornelio instructed her to cash the stolen Treasury checks. However, "[t]he fact that a conviction may be supported only by the uncorroborated testimony of a single accomplice is not a basis for reversal if that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." *United States v. Parker*, 903 F.2d 91, 97 (2d Cir. 1990).

After viewing the evidence presented at trial in the light most favorable to the prosecution, we are convinced that the testimony of both Cornelio's subordinate and supervisor, corroborated by his own handwriting on stolen checks, amply established that Cornelio entered into an agreement to knowingly cash stolen or forged Treasury checks. Therefore, Cornelio's challenge to the sufficiency of the evidence is without merit.

Cornelio also contends that the conspiracy count, included in the superseding indictment seven months after his arrest, violated his rights under the Speedy Trial Act. 18 U.S.C. § 3161(b). The district court denied Cornelio's motion to dismiss the conspiracy count on speedy trial grounds by finding that the conspiracy count "is different from the crime with which he was originally charged." We agree.

■ Cornelio argues that the conspiracy count was filed beyond the time period permitted by 18 U.S.C. § 3161(b) because Cornelio was arrested "in connection" with an alleged conspiracy to knowingly possess stolen Treasury checks. But only the charges against the defendant that are actually set forth in the complaint are dis-

missible under the Speedy Trial Act, and the original complaint did not charge Cornelio with the conspiracy count. *See United States v. Napolitano*, 761 F.2d 135, 137 (2d Cir.1985), *cert. denied*, 474 U.S. 842, 106 S.Ct. 129, 88 L.Ed.2d 106 (1985) (§ 3162(a)(1) requires dismissal only of "*such* charge against the individual contained in *such* complaint") (emphasis in original). Moreover, for speedy trial and other purposes, a conspiracy charge is considered a separate and distinct charge from the accompanying substantive charge. *See United States v. Derose*, 74 F.3d 1177, 1184 (11th Cir.1996); *United States v. Velasquez*, 890 F.2d 717, 719 (5th Cir.1989); *United States v. Cortinas*, 785 F.Supp. 357, 362 (E.D.N.Y.1992), *aff'd*, 999 F.2d 537 (2d Cir.1993). Thus, the District Court correctly sustained the superseding indictment as timely under the Speedy Trial Act.

Cornelio also contends that the District Court erred at sentencing. He first challenges the District Court's $149,294 loss calculation, arguing that he should not be responsible for thirty-nine Treasury checks totaling $132,581 because no witness had identified his signature on them. But the Sentencing Guidelines specify that the amount of loss should include "all acts and omissions committed, aided, abetted, counseled, *commanded*, induced, procured, or willfully caused by the defendant." U.S.S.G. § 1B1.3(a)(1)(A) (emphasis added). In light of his subordinate's testimony and the jury's determinations, the District Court's inclusion of the thirty-nine Treasury checks was not clearly erroneous.

■ Cornelio also challenges the District Court's enhancement for abusing a position of trust under U.S.S.G. § 3B1.3, relying upon his employer's extensive internal guidelines and procedures to claim that his position did not involve the exercise of "substantial discretionary judg-

**398**

ment." U.S.S.G. § 3B1.3, cmt. n. 1. Cornelio's argument is unpersuasive. The Guidelines require "substantial" discretion, not complete unfettered discretion. The evidence at trial, including Cornelio's own testimony, amply demonstrated that Cornelio was entrusted with a significant amount of responsibility with little oversight. Cornelio was responsible for, among other things, overseeing the check-cashing operation and auditing each teller's drawer, and was clearly in a position to commit a "difficult-to-detect wrong." *United States v. Castagnet,* 936 F.2d 57, 61–62 (2d Cir.1991). The District Court's enhancement for abusing a position of trust was proper.

Cornelio's final challenge is to the District Court's enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Application of the enhancement "requires specific findings that the defendant (1) willfully (2) and materially (3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." *United States v. Ben–Shimon,* 249 F.3d 98, 104 (2d Cir.2001). Cornelio testified at trial, and the District Court made specific findings that Cornelio committed perjury when he denied knowing that the checks he cashed were stolen. Cornelio argues that it is unconstitutional to impose the enhancement on a defendant who testifies at trial, but this argument has already been rejected by the Supreme Court. *United States v. Dunnigan,* 507 U.S. 87, 98, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The District Court's enhancement for obstruction of justice was entirely proper.

For the reasons set forth above, the judgment of the District Court is hereby AFFIRMED.