**UNITED STATES of America,**

v.

**Vida DEAS.**

**No. 3:07–cr–73 (CFD).**

United States District Court, D. Connecticut.

Jan. 8, 2009.

---

**320**

David J. Wenc, Wenc Law Offices, Windsor Locks, CT, John D. Maxwell, Brown, Paindiris & Scott, Glastonbury, CT, for Defendant.

## RULING DENYING SECOND MOTION TO DISMISS SUPERSEDING INDICTMENT

CHRISTOPHER F. DRONEY, District Judge.

On April 10, 2007, a federal grand jury in Hartford returned a 25–count indictment charging thirteen defendants, including Vida Deas, with various violations of federal law, including 21 U.S.C. §§ 841 and 846.[1] Following the guilty pleas of the other defendants, Deas was the only defendant charged in a five-count superseding indictment returned on October 16, 2008, as follows count one alleges that Deas conspired to possess with the intent to distribute and to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A); count two alleges that Deas conspired to possess with the intent to distribute and to distribute 500 grams or more of powder cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B); counts three and four allege that Deas possessed with the intent to distribute and distributed cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); count five alleges that Deas possessed with the intent to distribute cocaine base, also in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).

In a letter addressed to the Court dated October 28, 2008, Deas moved to dismiss all five counts of the superseding indictment because it was not filed within 30 days of his arrest on March 27, 2007. The Court denied that motion in a ruling filed on November 24, 2008, 2008 WL 5063905. Deas again moved to dismiss the superseding indictment in a motion filed on December 3, 2008 [Dkt. # 588]. For the following reasons, the second motion to dismiss is denied.

## I. Background

Deas was arrested on March 27, 2007 based on a criminal complaint, and was indicted on April 10, 2007. The criminal complaint charged Deas with conspiracy to possess and distribute over 50 grams of cocaine base between about February 1, 2007 and March 25, 2007, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A).[2]

---

1. This indictment has not been dismissed.

2. The affidavit for the complaint also sets forth alleged sales of cocaine base by Deas on March 6 and 23, 2007, and another "narcotics transaction" on March 21, 2007. The arrest and search warrants (issued along with the criminal complaint) were executed on March 27, 2007. Apparently, the counts in the original and superseding indictments for possession with intent to sell cocaine base on

The affidavit in support of the complaint described Deas and Byron Turner as co-conspirators who had converted cocaine into cocaine base and purchased cocaine from a person identified as "T" for that purpose. The affidavit states that those events occurred on February 13 and 14, 2007. Much of the information related in the affidavit came from court-authorized wiretaps of Turner's telephones in February and March of 2007.

The superseding indictment was returned while the original indictment was pending. The superseding indictment restated the original charges against Deas contained in the original indictment and made the changes described in the Court's ruling on the first motion to dismiss [Dkt. # 583], including changing the dates of the two charged conspiracies from "February 1, 2007 to on or about March 26, 2007" to "on or about January 2004 through on or about March 26, 2007." The government expanded the dates of the charged conspiracies after an October 2, 2008 interview with a cooperating co-defendant, who stated that Deas had converted crack cocaine for Turner on five to ten occasions prior to the wiretap portion of the investigation.

## II.  Discussion

The Court's ruling denying the first motion to dismiss noted that the charges in the superseding indictment against Deas are identical in all material respects to the charges in the original indictment, with the exception of the expanded time period of

the charged conspiracies. The government stated, prior to that ruling, that the expanded time periods charged in the superseding indictment were the result of information not known to the government at the time of the criminal complaint or the original indictment, but rather gained for the first time during an October, 2008 interview with a cooperating defendant. The Assistant U.S. Attorney has since stated that his previous recollection of what the government knew at the time of the original indictment was inaccurate. In fact, the government first interviewed the cooperating defendant on April 3, 2007—after the criminal complaint of March 27, 2007 but approximately one week before the original indictment was returned on April 10, 2007. During that interview, the government learned of information that may have supported a longer conspiracy than set forth in the original indictment's second count, relating to a cocaine powder conspiracy involving Turner and Isufaj.[3] However, at the time of the April 3, 2007 interview, the cooperating defendant had not pleaded guilty or entered into any agreement with the government, the information provided by the cooperating defendant was not clear or specific and also was not compelling, as it was as yet uncorroborated and would not likely have been admissible at trial against Deas. The government appears to have considered this information less than reliable at that time, and argues that it was correct not to seek a broader indictment on April 10, 2007.

March 27, 2007 related to cocaine base seized during the execution of the arrest and search warrants for Deas on March 27, 2007.

**3.** The April 3, 2007 interview did not provide information relating to the basis for the expanded crack cocaine conspiracy involving Turner and Deas (but not Isufaj) charged in count one of the superseding indictment. That information was gained during the October 2, 2008 interview. As mentioned in the

Court's ruling of November 24, 2008 on the previous motion to dismiss, Isufaj was only identified as "T" in the affidavit for the criminal complaint and not specifically identified in count two of the original indictment. That count identified Byron Turner and Deas as coconspirators, but also included language that they conspired with "others known and unknown to the Grand Jury."

The government relied principally on the wiretap information from February and March 2007 in proposing the original indictment to the grand jury. Deas argues that because the government knew of this information from the cooperating defendant supporting a longer conspiracy, the Speedy Trial Act's thirty-day requirement compelled the government to indict for the longer period within thirty days of the April 3, 2007 proffer session. Since the superseding indictment was returned after the thirty-day period expired, Deas claims its longer conspiracy period is barred by the Speedy Trial Act.

The Speedy Trial Act's "thirty-day requirement" requires that "any . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). "[Section 3161(b) of the Act] was meant in part to ensure that accused individuals do not suffer for more than thirty days without being formally charged." *United States v. Hajduk*, 370 F.Supp.2d 1103, 1108 (D.Colo. 2005).

Although the Speedy Trial Act does not contain the words "superseding indictment," both the Second Circuit and this District have considered how to treat a superseding indictment under § 3161(b).

*See, e.g., United States v. Roman*, 822 F.2d 261 (2d Cir.1987); *United States v. Glover*, No. 3:08–cr–4 (JCH), 2008 WL 4696120 (D.Conn. Oct. 21, 2008). In *Glover*, the court held that dismissal is not required under § 3161(b) "where an untimely superseding indictment pleads the same charges based upon the same facts as an earlier indictment." 2008 WL 4696120 at *4 (citing *United States v. Martinez–Espinoza*, 299 F.3d 414, 416–17 (5th Cir.2002) (explaining that where there is a timely and untimely indictment, the first indictment tolls the thirty-day clock "if the indictments charge an identical offense.")).[4] It is this characterization of the charges against Deas that the government asserts: because under the *Blockburger* "same elements" test which is applied in the context of the Double Jeopardy Clause the two indictments charge the same offense, there is no Speedy Trial Act violation. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932). However, the Court rejects the government's argument on the present record for several reasons. First, the *Blockburger* test may not be adequate for examining whether two charged *conspiracies* violate the Double Jeopardy Clause and is similarly inadequate to analyze whether two charged conspiracies violate the Speedy Trial Act's thirty-day rule. *United States v. Korfant*, 771 F.2d 660, 662 (2d Cir.1985) (identifying the following factors as relevant to deter-

---

**4.** Other circuits have also held that 18 U.S.C. § 3161(b)'s thirty-day rule is not violated when "a defendant is indicted within the thirty-day period and then re-indicted on identical charges based on identical facts after the expiration of the thirty-day period." *United States v. Berry*, 90 F.3d 148, 151 (6th Cir. 1996); *see also United States v. Mitchell*, 723 F.2d 1040, 1044–45 (1st Cir.1983) (holding that, when initial indictment was filed within the thirty-day period, a superseding indictment filed outside the thirty-day window which did not change the original charges did not violate the Speedy Trial Act); *United States v. Rabb*, 680 F.2d 294, 297 (3d Cir. 1982) ("in the absence of bad faith on the part of the government or prejudice to the defendant, an indictment returned by a grand jury whose term has expired is sufficient to toll Speedy Trial Act § 3161(b) if it is followed by a valid indictment, identical in all material respects."); *United States v. Perez*, 845 F.2d 100, 103 (5th Cir.1988) (finding that initial indictment returned by a grand jury whose term had expired tolled the thirty-day period such that a subsequent valid indictment which was "identical in all material respects to the void indictment" was timely).

mining whether two conspiracies are distinct for purposes of the Double Jeopardy Clause: "(1) the criminal offenses charged in successive indictments; (2) the overlap of participants; (3) the overlap of time; (4) similarity of operation; (5) the existence of common overt acts; (6) the geographic scope of the alleged conspiracies or location where overt acts occurred; (7) common objectives; and (8) the degree of interdependence between alleged distinct conspiracies."); *see also United States v. Lopez,* 356 F.3d 463, 467–68 (2d Cir.2004) (listing factors relevant to the task of individuating conspiracies). Second, the Court has found and continues to find that a change in the charged time period of the conspiracies, from two months in the original indictment to three years and two months in the superseding indictment, could effect a material change upon the charges in the original indictment. However, it is also well-settled that a superseding indictment issued more than thirty days after a defendant's arrest and adding a new charge to those contained in the complaint and original indictment does not violate the Speedy Trial Act. Such a charge does not inherit the original complaint's thirty-day clock but rather starts its own, new clock. *Glover,* 2008 WL 4696120 at \*4. Because the criminal complaint here specified a two-month period for the two alleged conspiracies, and the original indictment's charged conspiracies were materially different (in length of time) from the superseding indictment's charged conspiracies, the Court finds that the superseding indictment did not inherit the thirty-day clock of the complaint. Third, the Double Jeopardy analysis is not always dispositive of whether a Speedy Trial Act violation has occurred. *See United States v. Gaskin,* 364 F.3d 438, 453–55 (2d Cir.2004) ("greater and lesser included offenses treated as one for double jeopardy purposes will not qualify as the 'same charge' under § 3162(a)(1) when the greater offense is charged after the lesser one;" the Speedy Trial Act's concern is that charges actually pending against a defendant be promptly processed, while the Double Jeopardy Clause protects against cumulative punishment for the same crime in successive prosecutions). *See also United States v. Oberoi,* 547 F.3d 436, 443–47 (2d Cir.2008).

The essence of the Court's initial findings in its ruling denying the first motion to dismiss remains unchanged: the superseding indictment here did not violate the purpose behind 18 U.S.C. § 3161(b), and the new allegations as to the expanded time period of the conspiracies in the superseding indictment were not present in the criminal complaint. The case law involving the thirty-day rule is very clear: it is only when a superseding indictment asserts a charge that was included *in the criminal complaint* but was not included in the original, timely indictment that 3161(b) is violated. *United States v. Napolitano,* 761 F.2d 135 (2d Cir.1985) (only specific charges contained in the criminal complaint are subject to dismissal if brought in an untimely indictment) (emphasis added); *see also United States v. Cortinas,* 785 F.Supp. 357 (E.D.N.Y.1992) (same); *United States v. Palomba,* 31 F.3d 1456, 1462–64 (9th Cir.1994) (charges contained in the criminal complaint not brought in the timely first indictment but included in an untimely superseding indictment violate § 3161(b)). Expanding the thirty-day rule to encompass not only charges contained in the complaint (but not in the original indictment), but also charges that may merely have been supported by information obtained by the government during the investigation, such as the interview of the cooperating defendant in this case and the FBI 302 Report transcribing that interview, is not supported by

the language of the statute, nor is it supported by existing case law. *See, e.g., United States v. Bilotta,* 645 F.Supp. 369, 371 (E.D.N.Y.1986) (The Act "does not prevent later prosecution for different crimes even if the subsequent charges ... arise from the same criminal episode as those specified in the original complaint or were known or reasonably should have been known at the time of the complaint") (quoting *Napolitano,* 761 F.2d at 137). Furthermore, such an expansion would require the Court to usurp the investigative function of the agents, prosecutors, and grand jury, and review judgments as to the credibility and reliability of evidence gathered during the early stages of investigations.

### III.  Conclusion

For the foregoing reasons, the defendant's second motion to dismiss counts one through five of the superseding indictment [Dkt. # 588] is DENIED.